**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| XCOAL ENERGY & RESOURCES,<br><br>                Plaintiff,<br><br>    v.<br><br>BLUESTONE ENERGY SALES CORPORATION, SOUTHERN COAL CORPORATION, AND JAMES C. JUSTICE, II,<br><br>                Defendants. | C.A. No. 18-cv-819-LPS<br><br>**CONFIDENTIAL<br>FILED UNDER SEAL** |

**[PROPOSED] FINAL PRETRIAL ORDER**

| | |
|---|---|
| BUCHANAN INGERSOLL & ROONEY PC | POTTER ANDERSON & CORROON, LLP |
| Geoffrey Graham Grivner (#4711)<br>919 North Market Street, Suite 990<br>Wilmington, DE 19801<br>(302) 522-4200<br>(302) 522-4295 (facsimile)<br>geoffrey.grivner@bipc.com | John Anderson Sensing (#5232)<br>Jennifer Penberthy Buckley (#6264)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>(302) 658-1192 (facsimile)<br>jsensing@potteranderson.com<br>jbuckley@potteranderson.com |
| Kevin P. Lucas (*admitted pro hac vice*)<br>Daniel C. Garfinkel (*admitted pro hac vice*)<br>One Oxford Centre, 20th Floor<br>301 Grant Street<br>Pittsburgh, PA 1521<br>(412) 562-8350<br>(412) 562-1041 (facsimile)<br>kevin.lucas@bipc.com<br>daniel.garfinkel@bibc.com | THE GETTY LAW GROUP, PLLC<br><br>Richard A. Getty (*admitted pro hac vice*)<br>Danielle Harlan (*admitted pro hac vice*)<br>Marcel E. Radomile (*admitted pro had vice*)<br>1900 Lexington Financial Center<br>250 West Main Street<br>Lexington, KY 40507<br>(859) 259-1900<br>(859) 259-1909 (facsimile)<br>rgetty@gettylawgroup.com<br>dharlan@gettylawgroup.com<br>mradomile@gettylawgroup.com |
| **Attorneys for Plaintiff** | **Attorneys for Defendants** |

On August 29, 2019, the Court will hold a pretrial conference pursuant to Fed. R. Civ. P. 16 in the above referenced matter. A bench trial is scheduled for September 16, 2019 at 9:30 a.m. The Parties submit for the Court's approval this proposed Pretrial Order governing the trial pursuant to District of Delaware Local Rule 16.3 and the Court's Scheduling Orders. *See* D.I. 17, 57.

Counsel for Xcoal Energy & Resources:

**BUCHANAN INGERSOLL & ROONEY PC**

| | |
|---|---|
| Geoffrey G.Grivner (#4711) | Kevin P. Lucas (*admitted pro hac vice*) |
| 919 North Market Street, Suite 990 | Daniel C. Garfinkel (*admitted pro hac vice*) |
| Wilmington, DE 19801 | One Oxford Centre, 20th Floor |
| (302) 522-4200 | 301 Grant Street |
| (302) 522-4295 (facsimile) | Pittsburgh, PA 1521 |
| geoffrey.grivner@bipc.com | (412) 562-8350 |
| | (412) 562-1041 (facsimile) |
| | kevin.lucas@bipc.com |
| | daniel.garfinkel@bipc.com |

Counsel for Bluestone Energy Sales Corporation, Southern Coal Corporation and James C. Justice, II (collectively, the "Bluestone Parties"):

| | |
|---|---|
| John Anderson Sensing (#5232) | Marcel E. Radomile (*admitted pro had vice*) |
| Jennifer Penberthy Buckley (#6264) | **THE GETTY LAW GROUP, PLLC** |
| **POTTER ANDERSON & CORROON, LLP** | 1900 Lexington Financial Center |
| | 250 West Main Street |
| Hercules Plaza, 6th Floor | Lexington, KY 40507 |
| 1313 N. Market Street | (859) 259-1900 |
| Wilmington, DE 19801 | (859) 259-1909 (facsimile) |
| (302) 984-6000 | rgetty@gettylawgroup.com |
| (302) 658-1192 (facsimile) | dharlan@gettylawgroup.com |
| jsensing@potteranderson.com | |
| jbuckley@potteranderson.com | mradomile@gettylawgroup.com |
| Richard A. Getty (*admitted pro hac vice*) | |
| Danielle Harlan (*admitted pro hac vice*) | |

**I.      NATURE OF THE CASE**

The parties would welcome the opportunity, in connection with the Pretrial Conference or at such other time convenient to the Court in advance of the September 16, 2019 Bench trial commencement date, to present opening arguments of a modest length.  In this manner, the parties could explain their differing views of the nature of the case, while maximizing the available four-day trial time for the presentation of evidence.

In the meantime, the parties submit their respective narrative statements of the nature of the case attached hereto as **Exhibit A** (Xcoal) and **Exhibit B** (Bluestone).

**II.     JURISDICTION**

The jurisdiction of this Court is not in dispute and is based upon 28 U.S.C. § 1332. Plaintiff seeks monetary damages and declaratory relief, and Counterclaim Plaintiffs (the Bluestone Parties) seek monetary damages and declaratory relief.

**III.    FACTS**

    **a.      Uncontested Facts:**

The parties' joint statement of uncontested facts, including facts that are not disputed or have been agreed to or stipulated to date by the parties, is attached hereto as **Exhibit C**.

    **b.      Contested Facts:**

The parties' respective general statements of contested facts, including the facts at issue and what each party intends to prove in support of its claims and/or defenses are attached hereto as **Exhibit D** (Xcoal) and **Exhibit E** (Bluestone Parties).

The parties reserve the right to modify or supplement their statements of contested facts, including but not limited to:  the extent necessary to fairly reflect the Court's rulings on pending

motions; facts underlying the applicable issues of law; subsequent Orders of the Court; or future trial preparation and discussions and/or agreements of the parties.

## IV.     ISSUES OF LAW

The parties' respective general statements of the issues of law which any party contends remains to be litigated, including citation to authorities relied upon, are attached hereto as **Exhibit F** (Xcoal) and **Exhibit G** (Bluestone).

## V.      WITNESSES

### a.     List of Witnesses Xcoal Expects to Call

Xcoal has identified in **Exhibit H** attached hereto the expert witnesses it expects to call at trial, as well as non-expert witnesses Xcoal expects to call.  The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods of witness testimony at trial.

### b.     List of Witnesses Bluestone Expects to Call

The Bluestone Parties have identified in **Exhibit J** attached hereto the expert witnesses they expect to call at trial, as well as non-expert witnesses the Bluestone Parties expect to call. The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods of witness testimony at trial.

### c.     Testimony by Deposition

The parties do not presently anticipate offering testimony by deposition in place of live testimony.  However, subject to continuing trial preparation and in order to streamline the proceedings, the parties may offer certain admissions culled from deposition testimony of representatives of the parties.  The parties are submitting as **Exhibit I** attached hereto a Joint

Stipulation concerning, among other things, the means and methods (including by submittal of deposition testimony) of witness testimony at trial.

## VI.   EXHIBITS

The parties' list of pre-marked trial exhibits, along with unresolved objections, is attached hereto as **Exhibit K**.  The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods (including by limiting objections to admissibility) of submittal of exhibit evidence at trial.

Discovery was conducted in this matter pursuant to a Stipulation of Confidentiality and Protective Order entered September 24, 2018 (*see* D.I. 26 and 9/24/18 Docket Entry Order), which provides in Section 21 thereof that the parties contemplate that the treatment at trial of documents designated by the parties during discovery as "confidential" and "restricted confidential" will be addressed in a separate order.  The parties request that such issue be discussed with the Court at the final pretrial conference.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO form 187 exhibit list for each party.

A party will provide exhibits to be used in connection with direct examination by 3:00 p.m. the day before their intended use, and objections will be provided no later than 7:30 p.m. the night before their intended use.  If good faith efforts to resolve objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

### a. Demonstrative Exhibits

The parties will exchange demonstratives to be used in opening statements by 8:00 p.m. two nights before opening statements. The parties will provide any objections to such demonstratives by 12 noon on the day before opening statements.

A party will provide demonstrative exhibits to be used in connection with direct examination by 3:00 p.m. the day before their intended use, and objections will be provided no later than 7:30 p.m. the day before their intended use. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF or 8.5 x 11 copies of the exhibits.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior the opening statements or prior to the applicable witness being called to the witness stand.

## VII. DAMAGES

The parties' damage summaries are attached hereto as **Exhibit L** (Xcoal) and **Exhibit M** (Bluestone Parties).

## VIII. BIFURCATED TRIAL

The parties agree that bifurcation is not necessary or appropriate under the circumstances of this case.

## IX. MOTIONS IN LIMINE

Xcoal's Motion in Limine No. 1, including the Bluestone Parties' Opposition to and Xcoal's reply in support thereof is attached as **Exhibit N**.

Xcoal's Motion in Limine No. 2, including the Bluestone Parties' Opposition to and Xcoal's reply in support thereof is attached as **Exhibit O**.

The Bluestone Parties' Motion in Limine, including Xcoal's Opposition to and the Bluestone Parties' reply in support thereof is attached as **Exhibit P**.

## X. DISCOVERY

The Parties have completed discovery.

## XI. NUMBER OF JURORS

Not applicable. This matter is scheduled for a bench trial.

## XII. NON-JURY TRIAL

Xcoal and the Bluestone Parties propose that the parties submit post-trial briefs with proposed findings of fact and conclusions of law (the "Post Trial Submissions") pursuant to schedule and procedures to be determined after trial with the consultation and approval of the Court.

**XIII.   LENGTH OF TRIAL**

Pursuant to this Court's August 6, 2018 Order at D.I. 17, a four-day Bench trial will begin on September 16, 2019 at 9:30 a.m. in Courtroom 6B.  Per the Court's prior indication, trial time will be equally split between Xcoal and the Bluestone Parties.

**XIV.   AMENDMENTS OF THE PLEADING**

The Parties do not request any amendments of the pleadings.

**XV.   ADDITIONAL MATTERS**

None.

**XVI.   SETTLEMENT**

There have been no settlement discussions to date, except that trial counsel for both sides earlier this month agreed to contact their respective clients and recommend that the parties directly or through their respective counsel explore the possibility of settlement. Trial counsel have done so or will do so in advance of the August 29th Pretrial Conference.

IT IS HEREBY ORDERED that this Final Joint Pretrial order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated:_____          _____
                                                                               Chief United States District Judge
                                                                               Leonard P. Stark

**APPROVED AS TO FORM AND SUBSTANCE:**

| BUCHANAN INGERSOLL & ROONEY PC | POTTER ANDERSON & CORROON, LLP |
|---|---|

/s/ Geoffrey G. Grivner
Geoffrey Graham Grivner (#4711)
919 North Market Street, Suite 990
Wilmington, DE 19801
(302) 522-4200
(302) 522-4295 (facsimile)
geoffrey.grivner@bipc.com

Kevin P. Lucas (*admitted pro hac vice*)
Daniel C. Garfinkel (*admitted pro hac vice*)
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 1521
(412) 562-8350
(412) 562-1041 (facsimile)
kevin.lucas@bipc.com
daniel.garfinkel@bibc.com

**Attorneys for Plaintiff**

/s/ John A. Sensing
John Anderson Sensing (#5232)
Jennifer Penberthy Buckley (#6264)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 (facsimile)
jsensing@potteranderson.com
jbuckley@potteranderson.com

THE GETTY LAW GROUP, PLLC

Richard A. Getty (*admitted pro hac vice*)
Danielle Harlan (*admitted pro hac vice*)
Marcel E. Radomile (*admitted pro had vice*)
1900 Lexington Financial Center
250 West Main Street
Lexington, KY 40507
(859) 259-1900
(859) 259-1909 (facsimile)
rgetty@gettylawgroup.com
dharlan@gettylawgroup.com
mradomile@gettylawgroup.com

**Attorneys for Defendants**