# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XCOAL ENERGY & RESOURCES,<br><br>      Plaintiff,<br><br>  v.<br><br>BLUESTONE ENERGY SALES CORPORATION, SOUTHERN COAL CORPORATION, AND JAMES C. JUSTICE, II,<br><br>      Defendants. | C.A. No. 18-cv-819-LPS<br><br>**CONFIDENTIAL**<br>**FILED UNDER SEAL** |

## [AMENDED RESUBMITTED PROPOSED] FINAL PRETRIAL ORDER

BUCHANAN INGERSOLL & ROONEY PC

Geoffrey Graham Grivner (#4711)
919 North Market Street, Suite 990
Wilmington, DE 19801
(302) 522-4200
(302) 522-4295 (facsimile)
geoffrey.grivner@bipc.com

Kevin P. Lucas (*admitted pro hac vice*)
Daniel C. Garfinkel (*admitted pro hac vice*)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
(412) 562-8350
(412) 562-1041 (facsimile)
kevin.lucas@bipc.com
daniel.garfinkel@bipc.com

**Attorneys for Plaintiff**

POTTER ANDERSON & CORROON, LLP

John Anderson Sensing (#5232)
Jennifer Penberthy Buckley (#6264)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 (facsimile)
jsensing@potteranderson.com
jbuckley@potteranderson.com

Jason Pepe (*admitted pro hac vice*)
302 Jefferson Street SW
Roanoke, VA 24011
jason.pepe@bluestone-coal.com

**Attorneys for Defendants**

On August 4, 2020, beginning at 3:00 p.m., the Court will hold a pretrial conference pursuant to Fed. R. Civ. P. 16 in the above referenced matter. A bench trial is scheduled to begin on August 25, 2020 at 8:30 a.m. The Parties resubmit for the Court's approval this proposed Pretrial Order governing the trial pursuant to District of Delaware Local Rule 16.3 and the Court's Scheduling Orders. *See* D.I. 17, 57, 78. More specifically, the parties are resubmitting the Pretrial Order in accord with this Court's February 21, 2020 Order providing that "[t]he parties shall resubmit the Proposed Final Pretrial Order on or before June 30, 2020." (D.I. 78). Certain information in the original Proposed Final Pretrial Order, *e.g.*, the identity and contact information of counsel, has been updated.

Counsel for Xcoal Energy & Resources:

**BUCHANAN INGERSOLL & ROONEY PC**

| | |
|---|---|
| Geoffrey G.Grivner (#4711) | Kevin P. Lucas (*admitted pro hac vice*) |
| 919 North Market Street, Suite 990 | Daniel C. Garfinkel (*admitted pro hac vice*) |
| Wilmington, DE 19801 | Union Trust Building |
| (302) 522-4200 | 501 Grant Street, Suite 200 |
| (302) 522-4295 (facsimile) | Pittsburgh, PA 15219-4413 |
| geoffrey.grivner@bipc.com | (412) 562-8350 |
| | (412) 562-1041 (facsimile) |
| | kevin.lucas@bipc.com |
| | daniel.garfinkel@bipc.com |

Counsel for Bluestone Energy Sales Corporation, Southern Coal Corporation and James C. Justice, II (collectively, the "Bluestone Parties"):

| | |
|---|---|
| John Anderson Sensing (#5232) | Jason Pepe (*admitted pro hac vice*) |
| Jennifer Penberthy Buckley (#6264) | 302 Jefferson Street SW |
| **POTTER ANDERSON & CORROON, LLP** | Roanoke, VA 24011 |
| | jason.pepe@bluestone-coal.com |
| Hercules Plaza, 6th Floor | |
| 1313 N. Market Street | |
| Wilmington, DE  19801 | |
| (302) 984-6000 | |
| (302) 658-1192 (facsimile) | |
| jsensing@potteranderson.com | |
| jbuckley@potteranderson.com | |

1

I.      **NATURE OF THE CASE**

The parties would welcome the opportunity, in connection with the Pretrial Conference or at such other time convenient to the Court in advance of the August 25, 2020 Bench trial commencement date, to present opening arguments of a modest length. In this manner, the parties could explain their differing views of the nature of the case, while maximizing the available four-day trial time for the presentation of evidence.

In the meantime, the parties submit their respective narrative statements of the nature of the case attached hereto as **Exhibit A**[1] (Xcoal) and **Exhibit B** (Bluestone).

II.     **JURISDICTION**

The jurisdiction of this Court is not in dispute and is based upon 28 U.S.C. § 1332. Plaintiff seeks monetary damages and declaratory relief, and Counterclaim Plaintiffs (the Bluestone Parties) seek monetary damages and declaratory relief.

III.    **FACTS**

   a.   **Uncontested Facts:**

The parties' joint statement of uncontested facts, including facts that are not disputed or have been agreed to or stipulated to date by the parties, is attached hereto as **Exhibit C**.

   b.   **Contested Facts:**

The parties' respective general statements of contested facts, including the facts at issue and what each party intends to prove in support of its claims and/or defenses are attached hereto

---

[1] In the Resubmitted Proposed Final Pretrial Order filed by the parties on June 30, 2020 (D.I. 85), the parties incorporated by reference therein the Exhibits previously filed with the Court on August 29, 2019 as attachments to the parties' original Proposed Final Pretrial Order (D.I. 66). Pursuant to an Order dated July 6, 2020 (D.I. 86), the Court ordered that "the parties shall, by no later than July 9, 2020, re-file all exhibits which accompanied the parties' Resubmitted Proposed Final Pretrial Order; that is, all information in the resubmitted proposed pretrial order, including the accompanying exhibits, must be up-to-date." In accordance with the Court's Order, the parties are hereby including such exhibits with the filing of this Amended Resubmitted Proposed Final Pretrial Statement.

as **Exhibit D** (Xcoal) and **Exhibit E** (Bluestone Parties).

The parties reserve the right to modify or supplement their statements of contested facts, including but not limited to: the extent necessary to fairly reflect the Court's rulings on pending motions; facts underlying the applicable issues of law; subsequent Orders of the Court; or future trial preparation and discussions and/or agreements of the parties.

## IV.     ISSUES OF LAW

The parties' respective general statements of the issues of law which any party contends remains to be litigated, including citation to authorities relied upon, are attached hereto as **Exhibit F** (Xcoal) and **Exhibit G** (Bluestone).

## V.     WITNESSES

### a.     List of Witnesses Xcoal Expects to Call

Xcoal has identified in **Exhibit H** attached hereto the expert witnesses it expects to call at trial, as well as non-expert witnesses Xcoal expects to call. The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods of witness testimony at trial.

### b.     List of Witnesses Bluestone Expects to Call

The Bluestone Parties have identified in **Exhibit J** attached hereto the expert witnesses they expect to call at trial, as well as non-expert witnesses the Bluestone Parties expect to call. The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods of witness testimony at trial.

### c.     Testimony by Deposition

The parties do not presently anticipate offering testimony by deposition in place of live testimony. However, subject to continuing trial preparation and in order to streamline the

proceedings, the parties may offer certain admissions culled from deposition testimony of representatives of the parties.  The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods (including by submittal of deposition testimony) of witness testimony at trial.

**VI.     EXHIBITS**

The parties' list of pre-marked trial exhibits, along with unresolved objections, is attached hereto as **Exhibit K**.  The parties are in agreement that updated documents of the same or similar type identified on Exhibit K may be disclosed and added to the list prior to the pretrial conference scheduled for August 4, 2020.

The parties are submitting as **Exhibit I** attached hereto a Joint Stipulation concerning, among other things, the means and methods (including by limiting objections to admissibility) of submittal of exhibit evidence at trial.

Discovery was conducted in this matter pursuant to a Stipulation of Confidentiality and Protective Order entered September 24, 2018 (*see* D.I. 26 and 9/24/18 Docket Entry Order), which provides in Section 21 thereof that the parties contemplate that the treatment at trial of documents designated by the parties during discovery as "confidential" and "restricted confidential" will be addressed in a separate order.  The parties request that such issue be discussed with the Court at the final pretrial conference.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO form 187 exhibit list for each party.

A party will provide exhibits to be used in connection with direct examination by 3:00 p.m. the day before their intended use, and objections will be provided no later than 7:30 p.m. the night before their intended use.  If good faith efforts to resolve objections fail, the party objecting

to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

### a. Demonstrative Exhibits

The parties will exchange demonstratives to be used in opening statements by 8:00 p.m. two nights before opening statements. The parties will provide any objections to such demonstratives by 12 noon on the day before opening statements.

A party will provide demonstrative exhibits to be used in connection with direct examination by 3:00 p.m. the day before their intended use, and objections will be provided no later than 7:30 p.m. the day before their intended use. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF or 8.5 x 11 copies of the exhibits.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior the opening statements or prior to the applicable witness being called to the witness stand.

**VII.    DAMAGES**

The parties' damage summaries are attached hereto as **Exhibit L** (Xcoal) and **Exhibit M** (Bluestone Parties).

**VIII.   BIFURCATED TRIAL**

The parties agree that bifurcation is not necessary or appropriate under the circumstances of this case.

**IX.    MOTIONS IN LIMINE**

Xcoal's Motion in Limine No. 1, including the Bluestone Parties' Opposition to and Xcoal's reply in support thereof is attached as **Exhibit N**.

Xcoal's Motion in Limine No. 2, including the Bluestone Parties' Opposition to and Xcoal's reply in support thereof is attached as **Exhibit O**.

The Bluestone Parties' Motion in Limine, including Xcoal's Opposition to and the Bluestone Parties' reply in support thereof is attached as **Exhibit P**.

**X.    DISCOVERY**

The Parties have completed discovery.

**XI.    NUMBER OF JURORS**

Not applicable.  This matter is scheduled for a bench trial.

**XII.   NON-JURY TRIAL**

Xcoal and the Bluestone Parties propose that the parties submit post-trial briefs with proposed findings of fact and conclusions of law (the "Post Trial Submissions") pursuant to schedule and procedures to be determined after trial with the consultation and approval of the Court.

**XIII.  LENGTH OF TRIAL**

6

Pursuant to this Court's February 21, 2020 Order at D.I. 78, a four-day Bench trial will begin on August 25, 2020 at 8:30 a.m. in Courtroom 6B. Per the Court's prior indication, trial time will be equally split between Xcoal and the Bluestone Parties.

## XIV. AMENDMENTS OF THE PLEADING

The Parties do not request any amendments of the pleadings.

## XV. ADDITIONAL MATTERS

By Oral Order dated June 24, 2020 (D.I. 83), the Court ordered that "the parties shall meet and confer and, no later than June 26, 2020, submit a joint status report, addressing (in addition to anything else the parties wish to report) whether the Court should convert the bench trial to a remote bench trial (in which no one would be present in the courtroom other than Judge Stark and court staff) or a partial-remote bench trial (in which, in addition to Judge Stark and court staff, two or three lawyers and/or party representatives for each side would be in the courtroom and those witnesses who may safely do so would testify in court, while all other participants would participate through video conferencing)."

In accordance with the Court's Order, the parties submitted a joint status report on June 26, 2020 (D.I. 84), reporting on their respective positions as to whether the Court should convert the bench trial to a remote bench trial or a partial-remote bench trial.

By Order dated July 6, 2020 (D.I. 86), the Court held that "the bench trial will be a remote trial, such that all attorneys and all witnesses will appear by way of videoconferencing technology and only Court staff will be in the courtroom."

## XVI. SETTLEMENT

By Order dated February 24, 2020, Magistrate Judge Burke scheduled an ADR teleconference between the parties. (*See* D.I. 79). The telephone conference before Magistrate

7

Judge Burke was held on March 16, 2020.  (*See* D.I. 80).  Subsequently, the parties exchanged written settlement demands, and senior representatives of each party with decision-making authority communicated as recently as last week regarding potential settlement.  Although no progress on settlement has been made by the parties, the lines of communication remain open.

    IT IS HEREBY ORDERED that this Final Joint Pretrial order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated:_____

                                            _____
                                            Chief United States District Judge
                                            Leonard P. Stark

**APPROVED AS TO FORM AND SUBSTANCE:**

| BUCHANAN INGERSOLL & ROONEY PC | POTTER ANDERSON & CORROON, LLP |
|---|---|
| /s/ Geoffrey G. Grivner | /s/ John A. Sensing |
| Geoffrey Graham Grivner (#4711) | John Anderson Sensing (#5232) |
| 919 North Market Street, Suite 990 | Jennifer Penberthy Buckley (#6264) |
| Wilmington, DE 19801 | Hercules Plaza, 6th Floor |
| (302) 522-4200 | 1313 N. Market Street |
| (302) 522-4295 (facsimile) | Wilmington, DE 19801 |
| geoffrey.grivner@bipc.com | (302) 984-6000 |
|  | (302) 658-1192 (facsimile) |
| Kevin P. Lucas (*admitted pro hac vice*) | jsensing@potteranderson.com |
| Daniel C. Garfinkel (*admitted pro hac vice*) | jbuckley@potteranderson.com |
| Union Trust Building |  |
| 501 Grant Street, Suite 200 | Jason Pepe (*admitted pro hac vice*) |
| Pittsburgh, PA 15219-4413 | 302 Jefferson Street SW |
| (412) 562-8350 | Roanoke, VA 24011 |
| (412) 562-1041 (facsimile) | jason.pepe@bluestone-coal.com |
| kevin.lucas@bipc.com |  |
| daniel.garfinkel@bibc.com | **Attorneys for Defendants** |

**Attorneys for Plaintiff**