# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICTOF DELAWARE

| | : | |
|---|---|---|
| Xcoal Energy & Resources, | : | |
| | : | |
| Plaintiff / Counterclaim Defendant, | : | |
| | : | |
| v. | : | C.A. No. 18-819-LPS |
| | : | |
| Bluestone Energy Sales Corp., | : | |
| Southern Coal Corp., and James C. Justice, II | : | |
| | : | |
| Defendants / Counterclaim Plaintiffs. | : | |
| | : | |

## MEMORANDUM ORDER

Having considered the [Amended Resubmitted Proposed] Final Pretrial Order (D.I. 87) ("PTO") submitted by Plaintiff / Counterclaim Defendant Xcoal Energy & Resources ("Xcoal") and Defendants / Counterclaim Plaintiffs Bluestone Energy Sales Corp., Southern Coal Corp., and James C. Justice II (collectively, "Bluestone"), IT IS HEREBY ORDERED that:

1.  Xcoal's motions *in limine* ("MIL") #1 and #2, to bar Bluestone from presenting evidence in support of its fraud-based claims and defenses (*see* PTO Ex. N) and certain damages evidence related to lost profits (*see id.* Ex. O), are DENIED.[1]

Xcoal's MILs are, in reality, motions for summary judgment and, as such, are not permitted (without leave, which was not sought) under the governing scheduling order. (D.I. 17

---

[1] On July 27, 2020, the Court ordered the parties to submit simultaneous letter briefs addressing: (i) whether the Court should treat the issues raised in Xcoal's MILs as Rule 56 summary judgment motions and resolve the issues presented in those motions, (ii) whether, instead, the Court should deny Xcoal's MILs on the grounds that they are not truly MILs but, instead, are case-dispositive motions not permitted under the scheduling order (*see* D.I. 17 at 7), and (iii) what impact granting the MILs would have on the upcoming trial (i.e., what would be left for trial if the MILs were granted). (D.I. 90) The parties completed letter briefing on July 31, 2020. (*See* D.I. 91-94)

at 7, ¶ 12) ("Neither party shall serve a case dispositive motion without leave of Court.")  The purpose of a MIL is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *John Hopkins Univ. v. Alcon Lab., Inc.*, 2018 WL 4178159, at *1 (D. Del. Aug. 30, 2018).  Xcoal's motions, instead, seek judgment on particular claims and defenses in Xcoal's favor.  (*See* PTO Ex. N at 1 (arguing that Bluestone's "fraud-based claims and defenses are barred as a matter of law, and all purported evidence supporting the same should be precluded at trial"); *id.* Ex. O at 1 (arguing that Bluestone's lost profits "damages claims are barred, and evidence purportedly in support thereof should be precluded"))[2]  "[M]otions *in limine* should not be used as disguised motions for summary judgment." *Brown v. Oakland County*, 2015 WL 5317194 at *2 (E.D. Mich. Sep. 10, 2015); *see also SPX Corp. v. Bartec USA*, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) ("[M]otions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.").  Accordingly, Xcoal's MILs are denied.[3]

---

[2] Notably, neither motion references the Federal Rules of Evidence.  *See generally Leonard v. Stemtech Health Sci., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (explaining that "court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded.").

[3] In some circumstances, a district court may, *sua sponte*, consider issues raised in a motion *in limine* under the Rule 56 summary judgment standard.  *See Howard Johnson Int'l v. Cupola Enterprises, LLC*, 117 F. App'x 820, 823 (3d Cir. 2004) ("[W]e do not permit a district court to sua sponte grant summary judgment unless two key requirements are satisfied.  First, the non-moving party must be on notice that the court is contemplating granting summary judgment against it.  Second, the non-moving party must have adequate time to marshal its evidence to show that there is a genuine issue of material fact.").  The Court will not do so here.  Even assuming the preconditions for conversion to summary judgment are present – Bluestone first received the substance of the motions almost a year ago (there have been two trial continuances since then) and arguably had notice (*see* D.I. 92 at 2) – the better course of action here is to make a determination on the merits after considering all testimony and other evidence to be presented at the upcoming bench trial.

2. The Court will hear argument at tomorrow's pretrial conference ("PTC") on Bluestone's MIL #1 (PTO Ex. P), which seeks to preclude a photocopy of certain handwritten notes under the best evidence rule (unless the parties reach an agreement on admissibility).

3. Having considered the issues to be tried, the rulings given in this Order, and the fact that this trial will be conducted remotely using videoconference technology, each side will be allocated between 10 and 11 hours for its trial presentation, with the specific amount to be determined at the PTC.

4. The parties' joint stipulation concerning the means and methods of submitting evidence at trial (PTO Ex. I) is ADOPTED. As to the parties' dispute on sequestration of expert witnesses (*id.* at ¶ 5), the Court agrees with Xcoal that such witnesses need not be sequestered.

5. The parties shall be prepared to discuss at the PTC their proposal(s) for the treatment of documents designated as confidential (*see* PTO at 4).

August 3, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE