

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**John A. Sensing**
**Partner**
Attorney at Law
jsensing@potteranderson.com
302 984-6093 Direct Phone
302 658-1192 Fax

August 14, 2020

<u>**VIA CM/ECF**</u>

The Honorable Leonard P. Stark
Chief U.S. District Judge, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

      Re:    <u>Xcoal Energy & Resources v. Bluestone Energy Sales Corporation et al., Case No. 18-819-LPS</u>

Dear Chief Judge Stark:

      Defendants and Counterclaim Plaintiffs in the above-referenced action, Bluestone Energy Sales Corporation, Southern Coal Corporation, and James C. Justice, II (collectively, "Defendants") respectfully request that this Court convert the virtual trial in this matter, currently scheduled for August 25-28, 2020, to an in-person trial, with certain exceptions as set forth below. Counsel for Defendants certify that they have made a reasonable effort to reach agreement on the subject of this request with counsel for Plaintiff, Xcoal Energy & Resources ("Xcoal"). Counsel for Xcoal has advised that Xcoal takes no position on any request that Defendants file seeking to conduct the trial in-person, except to note that the Court already has ruled on the issue and to reserve its right to respond, if necessary, upon review of Defendants' request.

      Defendants have instructed their counsel to make a record of their objection to the trial of this matter being conducted remotely and to therefore respectfully request that the Court modify its Oral Order [D.I. 86] which provides for a virtual bench trial commencing August 25, 2020 to instead provide that the trial be conducted in-person. Counsel has recently learned that Defendants, through James C. Justice, III, the President of the two entity Defendants and the son of the Defendant Governor James C. Justice, II, advised their then in-house counsel, Jason E. Pepe, that they did not agree to a virtual trial, although they were not opposed to certain witnesses testifying remotely. *See* Affidavit of James C. Justice, III, attached as ***Exhibit A***, at ¶¶ 2, 4, 6-8.

      Defendants respectfully assert that it is in the best interest of all parties and is in keeping with the parties' due process rights for the trial to be conducted in-person. The parties and the Court should be afforded the opportunity to observe the demeanor, body language, and other aspects of the testifying witnesses in order to accurately judge their credibility. This is

The Honorable Leonard P. Stark
August 14, 2020
Page 2

particularly true because issues of intent underlie certain of the parties' claims and because there are millions of dollars at stake. As stated by Mr. Justice in his Affidavit, this is "bet the company" litigation. *See* Exhibit A, ¶ 5; *see also id.*, ¶ 6 (Mr. Justice's comments about the importance of in-person testimony in order to assess credibility). Defendants do not object to the testimony of witnesses who may have health concerns being taken remotely. However, the major witnesses should testify in the courtroom to the extent possible, so that the factors discussed above can be observed and assessed.

Defendants are fully prepared to proceed with the in-person trial requested herein on August 25, 2020 as scheduled, should the Court be willing to grant this request and if Your Honor believes that the trial can be safely conducted in-person at that time.

Defendants therefore respectfully request that the Court modify its Oral Order [D.I. 86] to provide that the trial of this matter take place in-person, except with respect to witnesses with health concerns.

        Respectfully,

        */s/ John A. Sensing*

        John A. Sensing (No. 5232)

cc:    Richard A. Getty, Esq.
        Danielle Harlan, Esq.
        Jennifer Penberthy Buckley, Esq.
        Kevin P. Lucas, Esq.
        Daniel Garfinkel, Esq.
        Geoffrey G. Grivner, Esq.
        (all via CM/ECF)