### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Xcoal Energy & Resources, | : |
|     Plaintiff / Counterclaim Defendant, | : |
| v. | :     C.A. No. 18-819-LPS |
| Bluestone Energy Sales Corp., Southern Coal Corp., and James C. Justice, II | : |
|     Defendants / Counterclaim Plaintiffs. | : |

### **MEMORANDUM ORDER**

Yesterday, August 17, the Court received a renewed emergency request by Bluestone Energy Sales Corporation, Southern Coal Corporation, and James C. Justice, II (collectively, "Defendants") to "convert the trial in this matter to a partially-remote, or in-person, trial," or, seemingly in the alternative, to "defer presentation of all evidence until a time when it can be done safely, and in-person." (D.I. 101; *see also* D.I. 98) Given the timing of this request – just a week before the long-delayed trial in this matter is to begin – the Court advised the parties last night that an oral order would be docketed this morning denying Defendants' request, and that a Memorandum Order providing the Court's reasoning would follow thereafter. (*See* D.I.103) As explained below, trial will go forward on August 25, as scheduled, and will be fully remote, as previously ordered.

This case, which involves allegations of breach of contract and fraud, was filed on May 31, 2018. (D.I. 2, 8) The original scheduling order, entered on August 6, 2018, set a four-day bench trial to begin on September 16, 2019. (D.I. 17) On August 23, 2019, Defendants advised the Court that their lead counsel would need to undergo significant back surgery, which would require a lengthy recovery, and requested that trial be continued. (D.I. 63) Plaintiff did not

object. (*See id.*) Hence, on August 26, 2019, the Court continued trial to a date to be determined. (D.I. 64) On September 9, 2019, after further consultation with the parties (*see, e.g.*, D.I. 65), the Court set trial to begin on March 19, 2020 (D.I. 68). However, on February 6, 2020, Defendants requested another trial continuance, "because of significant and continuing health issues on the part" of their lead counsel. (D.I. 71) As Plaintiff opposed this request (*see id.*), the Court spent the next several weeks hearing from the parties (*see, e.g.*, D.I. 72-76), ultimately deciding on, February 21, 2020, to reschedule trial to begin on August 25, 2020 (D.I. 78). Then the impact of the COVID-19 pandemic began to be felt.

On June 24, the Court ordered the parties to meet and confer and submit a joint status report addressing whether, in view of the pandemic, the Court should convert the bench trial to a remote or partially-remote trial. (D.I. 83) The parties responded on June 26 with their proposal for a partial-remote trial, "with each side in its discretion permitted to have a limited number of lawyers/party representatives present in the courtroom and to call one of its witnesses to testify in person." (D.I. 84) After considering the parties' preferences, the Court ruled on July 6 that the bench trial in this matter would be fully remote, with all attorneys and all witnesses appearing by way of videoconferencing technology, and only Court staff in the courtroom. (D.I. 86)

Thereafter, the parties submitted their proposed pretrial order. (D.I. 87) On August 4, 2020, the Court held the final pretrial conference, using the same videoconference platform that will be used for trial. No party raised continuing objections or significant concerns about the remote nature of the forthcoming bench trial. (*See, e.g., id.* at 7)

But ten days later, on August 14, 2020, just 11 days before the scheduled start of trial, Defendants filed their first emergency request that at least some portions of the trial be

conducted in person. (D.I. 98) According to Defendants, when the Court raised the prospect of a remote trial in the June 24 oral order (*see* D.I. 83), Mr. James C. Justice, III, President of the two entity defendants and son of the third defendant, "advised their then in-house counsel . . . that they did not agree to a virtual trial, although they were not opposed to certain witnesses testifying remotely" (D.I. 98 at 1). Defendants argued that it was "in the best interest of all the parties and is in keeping with the parties' due process rights for the trial to be conducted in-person," and raised concerns about the Court's ability to assess witness credibility in a fully remote bench trial. (*Id.* at 1-2) Given the imminence of trial, the Court promptly (that same day) denied Defendants' request – without prejudice to it being renewed by yesterday, while also providing specific guidance on issues that would need to be addressed should either party wish to submit a renewed request to hold in-person proceedings. (D.I. 100)

Then came Defendants' second emergency request. (D.I. 101) Plaintiff opposes it in full. (D.I. 102) That is, Plaintiff prefers (at this point) to begin trial on August 25 and to keep the trial completely remote. (*See id.*)

Defendants' latest request provides little consideration to the points the Court raised in the August 14 order. For example, as to the "protocols [to] be followed in the courtroom in terms of face coverings, sharing of microphones and other technology, and how can these matters be worked out in the short time before trial begins" (D.I. 100), Defendants offer no practical input, instead merely stating "it is impossible to propose a plan that would totally ensure safety" for all participants (D.I. 101 at 2). In response to the Court's expressed willingness to consider in-person testimony from "major" witnesses (D.I. 100) – which is what ***Defendants themselves*** proposed in last week's emergency request (*see* D.I. 98 at 2) ("major witnesses should testify in the courtroom") – Defendants now shift course and report that they

3

"have not been able to affirmatively identify witnesses as solely 'major' versus 'non-major,'" evidently now asking that *all witnesses be brought to the courtroom* (D.I. 101 at 1) ("[T]he need to have all of the witnesses live in a traditional trial setting is paramount . . . ."). Defendants also fail to address the Court's other concerns:

| Additional Points Raised in the Court's Oral Order (D.I. 100) | Defendants' Letter (D.I. 101) |
|---|---|
| "The timing of Defendants' request is highly troubling, as it comes just 11 days before trial is scheduled to begin, 10 days after the pretrial conference, and [39] days after the Court denied the parties' previous request that the trial be partial remote (instead of full remote) (see D.I. 84)." | No response |
| "[H]ow would the necessary travel and in-person interaction be consistent with the health of personnel involved in the trial who are at elevated risk (due to, e.g., age, other medical conditions) of serious health consequences should they contract coronavirus?" | No response |
| "[W]hat travel and quarantine restrictions/guidance are in place in Delaware and each of the states from which counsel and witnesses would be traveling, and can those restrictions/guidance be complied with by August 25?" | No response |
| "[W]ould providing [an opportunity for in-court appearance] create inadvertent pressure that may lead some lawyers and/or witnesses to come to the courtroom who, for legitimate and valid reasons, should not do so under present circumstances (see D.I. 86)?" | No response |
| "Beyond a vague reference to 'due process rights,' and without citation to any authority, Defendants completely fail to articulate how their rights are adversely impacted by the remote trial technology the Court has ordered be used (and with which the Court has now had valuable experience using, including to observe witnesses testify)." | No response |

The Court remains confident that the parties will receive a fair trial even with all witness examinations taking place remotely. *See generally Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, 2020 WL 3605623 (D. Del. July 2, 2020). While Defendants continue to raise vague and conclusory assertions that due process rights require the trial to be held in person, they cite no authority for their position, and – as Plaintiff correctly observes – courts are regularly determining that, in light of the ongoing pandemic, taking

4

testimony remotely is sometimes the best available (and adequate) option. *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court, . . . . [However, for] good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."); *see also Argonaut Ins. Co. v. Manetta Enters., Inc.*, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020); *Centripetal Net., Inc. v. Cisco Sys., Inc.*, 2020 WL 3411385 (E.D. Va. April 23, 2020) (denying motion opposing trial entirely by Zoom videoconferencing).

The Court continues to find that there is good cause to conduct this trial using videoconferencing technology, given the COVID-19 pandemic. The undersigned Judge is presently presiding over a fully remote bench trial using the same technology that will be employed for the instant trial and it is working fine. The Court believes (and is every day observing) that able counsel can effectively examine witnesses without being in the same room, providing the Court the evidence it needs to make necessary factual findings, including credibility assessments.

Despite their belated effort to convert the August 25 bench trial, Defendants state that they are ready for trial to proceed as scheduled. (*See* D.I. 101 at 2) ("We are prepared for the trial, we are ready to try the case now, and we want to try the case now."). Plaintiff wishes to proceed as scheduled as well. (*See* D.I. 102) Thus, as the Court perceives no basis to change course, Defendants' renewed request is denied and the trial will proceed next week, fully remote, as planned.

August 18, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE