# Buchanan Ingersoll & Rooney PC

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE 19801-3036
T 302 552 4200
F 302 552 4295

August 27, 2020

**VIA CM/ECF - CONFIDENTIAL – FILED UNDER SEAL**

The Honorable Leonard P. Stark
Chief U.S. District Judge, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

   Re: Xcoal Energy & Resources v. Bluestone Energy Sales Corporation, et al.,
    Case No. 18-819-LPS

Dear Chief Judge Stark:

  This joint letter addresses Your Honor's directive yesterday (Tr. at 95-96) for the parties to advise whether either party is requesting that the transcripts of the first or second day sidebars, or portions thereof, be maintained under seal or be redacted. The parties have met and conferred today, but were unable to reach agreement. Thus, the differing positions of Plaintiff and Defendants are set forth below.

  <u>Plaintiff's Position</u>

  Fundamental principles of fairness require that individuals and companies -- both litigants and non-parties -- be protected from an avoidable further spreading of the harm caused by falsehoods about them contained in an anonymous eve-of-trial Letter which is inadmissible as evidence, has no indicia of reliability, and to the contrary, reeks of foul play. The affected individuals and companies were deprived of any opportunity to protect either themselves or these proceedings, because Defendants did not disclose (despite a request for an advance heads up from Xcoal's counsel) their lead counsel's intention to read, unannounced, during sidebar, the Letter (Sidebar Conference Tr. 9 - 13). While the impact of that action could not be prevented by the affected victims, surely the Court should have the ability under these extraordinary circumstances to avoid being used as the conduit through which the resulting harm is further spread publicly, particularly since Xcoal and the other named individuals and companies were prevented from protecting themselves, and also because protective sealing and redaction rulings at this stage can be revisited if needed down the road.

August 27, 2020
Page - 2 -

Xcoal's business is the purchase, resale and delivery of coal to customers in the highly competitive international markets. The coal's chemical properties are required by its customers to be sampled, analyzed and confirmed by independent testing laboratories. The integrity of those certified analysis reports is one of the linchpins of Xcoal's business, as well as that of the third party testing laboratories.

Likewise, prompt and efficient delivery of coal to its ultimate destination requires close coordination with Xcoal's logistical partners, the railroads and ocean vessels. Xcoal's long-standing relationships with those shipper partners create a competitive advantage for the company.

The Letter is libelous on its face, but Xcoal and the other victims referred to in the Letter are impacted far beyond general reputational harm. The fundamental commercial integrity which they have established over many years is being gratuitously trashed by falsehoods made anonymously and under highly suspicious circumstances in an inherently suspect and independently inadmissible document.

As directed yesterday, Xcoal has contacted the non-party consultants, shipper, and testing laboratories referred to in the Letter. Already, both testing laboratories have expressed and have authorized Xcoal to advise the Court of, their significant concern regarding the harm to the very core of their business that would result from the Letter being made public and their view that the transcripts should remain unavailable to the public at least until a determination is made of the Letter's evidentiary admissibility.

The Letter itself has not been entered into the record of this case or provided to the Court, but its substance was read aloud by Defendants' counsel at the transcribed sidebars and discussed therein.

Under the totality of the circumstances, Xcoal believes that the Court is empowered under the legal standards discussed below, and should exercise that authority here, to have the transcripts of the sidebar conferences made publicly available only in redacted form as indicated by Xcoal in the accompanying Attachments (Filed Under Seal as Attachments A and B) or, alternatively, to seal the transcripts in their entirety if viewed by the Court necessary in fairness to prevent the surrounding context from effectively disclosing the substance of the proposed redactions (collectively, the "Proposed Protective Form").

Courts have supervisory powers over their own files and records and have the discretion to seal court documents if the public's right of access is outweighed by competing interests. [1]

---

[1] In addition to granting or denying the motion outright, the court also can limit the method of disclosure. Fed. R. Civ. P. 26(c)(1)(D). *Ganski v. Wolff*, No. 09-1903, 2014 U.S. Dist. LEXIS 137942, at *3-4 (E.D. Pa. Sep. 30, 2014). Courts have significant discretion in crafting protective orders to reduce potential harm. *Id.*

August 27, 2020
Page - 3 -

*Copley Press, Inc. v. Peregrine Sys. (In re Peregrine Sys.),* 312 B.R. 755, n. 3 (D. Del. 2004) (citing *Huntsman-Christensen Corp., v. Entrada Indus., Inc.,* 639 F. Supp. 733, 736 (D. Utah 1986)). There are three standards courts apply when considering challenges to the confidentiality of documents: (1) the good cause shown standard when reviewing orders preserving the confidentiality of discovery materials pursuant to Fed. R. Civ. P. 26; (2) a compelling interest standard for the common law right of access when discovery materials are filed as court documents; and (3) the First Amendment right of public access that attaches to civil trials. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). The Court should adopt the Proposed Protective Form approach, irrespective of which standard is applied.[2]

In the Third Circuit a document constitutes a "judicial record" if it "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Goldstein v. Forbes (In re Cendant Corp.),* 260 F.3d 183, 192 (3d Cir. 2001). Furthermore, "[w]hile filing clearly establishes such status, a document may still be construed as a judicial record, absent filing, if a court interprets or enforces the terms of that document, or requires that it be submitted under seal." *Id.* Although read into the trial transcript during sidebar without notice, the Letter has not been filed with the Court under seal or otherwise. Nor has the Court interpreted its terms. Accordingly, the Letter itself does not constitute a judicial record. Indeed, not all material reviewed by a court during the course of a case constitutes a judicial record. *See United States v. Cisneros (In re A.H. Belo Corp.)*, 66 F. Supp. 2d 47, 48 (D.D.C. 1999) (finding the district court's limited in camera review of the tapes and transcripts did not automatically convert these documents into judicial records subject to the common law right of access).

As the Letter does not constitute a judicial record, neither are the portions of the transcript discussing the Letter. Thus, the Court should apply the good cause shown standard applicable when reviewing orders preserving the confidentiality of discovery materials pursuant to Fed. R. Civ. P. 26. *Avandia Mktg.,* 924 F.3d at 670. A party seeking a protective order "over discovery material must demonstrate that 'good cause' exists for the order" and good cause means "that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id* at 671.

---

[2] The judicial system is not served by making inadmissible evidence such as the Letter available to the public. *See, e.g., United States v. Kemp*, 365 F. Supp. 2d 618, 631-32 (E.D. Pa. 2005). *See also Quintana v. Mulheron*, No. 18-469 KG/GJF, 2019 U.S. Dist. LEXIS 43769, at *21-22 (D.N.M. Mar. 18, 2019) (noting that offering into evidence an anonymous letter allegedly mailed to an accused murderer in custody pending trial would face multiple serious evidentiary roadblocks, highlighted by foundation, authenticity, and hearsay); *Cortez v. Wal-Mart Stores, Inc.*, No. 03-1251 BB/LFG, 2005 U.S. Dist. LEXIS 43817, at *2 (D.N.M. Jan. 14, 2005) (noting that an anonymous letter has even less evidentiary value than an unsworn statement, since the writer of the letter has refused to even identify themselves).

August 27, 2020
Page - 4 -

The Third Circuit applies the following non-exhaustive and non-mandatory factors when reviewing confidentiality orders relative to discovery materials pursuant to Fed. R. Civ. P. 26:(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Avandia Mktg.,* 924 F.3d at 670. Additionally, the Third Circuit has provided that good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. *Glenmede Trust Co. v. Thompson*, 56 F.3d at 483. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Here, consideration of the above factors weigh heavily in favor of adopting the Proposed Protective Form approach.

Even if the Court determines that the Letter is a judicial record, which it should not, the Proposed Protective Form approach should be followed. The common law public right of access to judicial proceedings and records is not absolute. *Avandia Mktg*, 924 F.3d at 672 ("The presumption [of access] is just that, and thus may be rebutted."). As the Third Circuit has stated, "[w]hile we recognize a strong presumption in favor of public accessibility, we also permit the sealing of documents when justice so requires." *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011).

The party seeking to overcome the presumption of access must show that "that the interest in secrecy outweighs the presumption" and that "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia Mktg*, 924 F.3d at 672. Thus, the reviewing court must state "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide an opportunity for interested third parties to be heard." *Id.* The "compelling reasons" sufficient to outweigh the public's interest in disclosure exist when "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Communications.*, 435 U.S. 589, 598 (1978)).

The holding in *United States v. Amodeo,* 71 F.3d 1044 (2d Cir. 1995) is instructive. In *Amodeo*, the Second Circuit reversed a judgment releasing a redacted version of a sealed investigative report constituting a judicial record which included accusations that were anonymous, unverified and "to a degree, of doubtful veracity." The Second Circuit noted that "[u]nlimited access to every item turned up in the course of litigation would be unthinkable" as "[r]eputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information." *Id* at 1048-1049. Accordingly, the Second Circuit reversed the trial court's decision to release the unredacted version of the report as

August 27, 2020
Page - 5 -

"[p]ortions of the Report are hearsay and may contain misinformation" including accusations that are "unsworn, and some or all may be of doubtful veracity, possibly stemming in part from apparent personality conflicts." *Id.* at 1052.

Turning to the third legal standard, the First Amendment right of public access which attaches to civil trials is not absolute. *In re Avandia*, 924 F.3d at 678. The party "seeking closure or sealing in the face of the First Amendment right of access bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Id* at 673. As already discussed above, there is good cause to implement the Proposed Protective Form approach.

The Supreme Court has recognized that "when engaging in interchanges at the bench, the trial judge is not required to allow public or press intrusion upon the huddle." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 598 n.23 (1980). *See also* United *States v. Scrushy*, No. CR-03-BE-0530-S, 2005 U.S. Dist. LEXIS 42127 (N.D. Ala. Nov. 23, 2005) (district court refused to release to intervening media outlets information derived from sidebar conferences that would have embarrassed various witnesses with unsubstantiated allegations of misconduct.) The First Amendment right of public access does not outweigh the good cause present to follow here the Proposed Protective Form approach.

Defendants' Position

Defendants regret that Xcoal has turned a simple request from the Court into a briefing episode. The length of Xcoal's briefing is inverse proportion to the strength of its position.

The transcripts of the August 25 and 26 sidebar conferences should be unsealed and be made available to the public along with the remainder of the trial record. The Defendants do not believe there are any legitimate – let alone compelling – reasons for the transcripts to remain sealed, and respectfully submit that unsealing the transcripts is in keeping with the longstanding policy of the Third Circuit (and the United States Supreme Court) in favor of keeping judicial proceedings open and available to the public. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (the public has a common-law right of access to all judicial proceedings and records); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F.Supp.2d 503, 507 (D. Del. 2012) (the public has a common-law right of access to all judicial proceedings and records, as well as an interest in observing, participating in, and commenting on court events). This public right of access extends to *in camera* hearings conducted by the Court. *Cendant*, 260 F.3d at 192.

Accordingly, Xcoal must demonstrate "good cause" to keep the transcripts of the sidebar conferences sealed. This requires an "exacting type of analysis," in which Xcoal must establish "a compelling interest" in shielding those transcripts from public view. *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F.Supp.2d 390, 395 (D.Del. 2000). "Broad allegations of harm,

August 27, 2020
Page - 6 -

unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Mosaid Techs.*, 878 F.Supp.2d at 507 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). Xcoal must show, "with specificity," that disclosure of the sidebar conferences will work "a clearly defined and serious injury" to it. *Id.* Unless "extraordinary circumstances" are present, "commercial embarrassment is not a compelling reason to seal a trial record." *Carnegie Mellon Univ. v. Marvell Tech. Group Ltd.*, 2013 WL 1336204, at *5 (W.D. Pa. Mar. 29, 2013).

Xcoal has provided no compelling reasons why the transcripts should remain sealed. *See Mosaid Techs.*, 878 F.Supp.2d at 508-10 (refusing to seal transcript of court proceedings where parties failed to "articulate with specificity any 'clearly defined and serious injury' that would result"). It has completely failed to identify specific harm to it that would be caused by the unsealing of the sidebar transcripts. Its claims of reputational and competitive harms are nebulous and undefined, and do not meet the standards set by the Third Circuit and this Court in *Mosaid Techs*. Its claims of third-party harm are similarly unformulated and imprecise – there are no declarations or sworn testimony *by anyone* relating to harms that may be caused by the unsealing of the transcripts. Therefore, Defendants respectfully request that the Court enter an Order that the transcripts of the August 25 and 26 sidebar conferences be unsealed.

The parties appreciate the opportunity to address these matters.

Sincerely yours,

*/s/ Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)

GGG/
cc:   All Counsel of Record via ECF
      Richard Getty, Esq.
      Danielle Harlan, Esq.
      John A. Sensing, Esq.
      Jennifer Penberthy Buckley, Esq.
      George Terwilliger, Esq.
      Kevin P. Lucas, Esq.
      Daniel Garfinkel, Esq.