**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| XCOAL ENERGY & RESOURCES,<br><br>                Plaintiff,<br><br>      v.<br><br>BLUESTONE ENERGY SALES CORPORATION, SOUTHERN COAL CORPORATION, AND JAMES C. JUSTICE, II,<br><br>                Defendants. | C.A. No. 18-cv-819-LPS |

**XCOAL ENERGY & RESOURCES' OPPOSITION TO
DEFENDANTS/COUNTERCLAIM PLAINTIFFS' OBJECTION TO
THE ADMISSION OF THE TESTIMONY OF MARK HAMILTON**

BUCHANAN INGERSOLL & ROONEY PC

Geoffrey G. Grivner (#4711)
919 North Market Street, Suite 990
Wilmington, Delaware 19801-3046
(302) 522-4200
(302) 522-4295 (facsimile)
*geoffrey.grivner@bipc.com*

Kevin P. Lucas (admitted *pro hac vice*)
Daniel C. Garfinkel (admitted *pro hac vice*)
Buchanan Ingersoll & Rooney, P.C.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
(412) 562-8350
(412) 562-1041 (facsimile)
*kevin.lucas@bipc.com*
*daniel.garfinkel@bipc.com*

Counsel for Xcoal Energy & Resources

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XCOAL ENERGY & RESOURCES,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTONE ENERGY SALES CORPORATION, SOUTHERN COAL CORPORATION, and JAMES C. JUSTICE, II,<br><br>Defendants/Counterclaimants. | C.A. No. 1:18-cv-819 (LPS) |

### XCOAL ENERGY & RESOURCES' OPPOSITION TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS' OBJECTION TO THE ADMISSION OF THE TESTIMONY OF MARK HAMILTON

Plaintiff, Xcoal Energy & Resources ("Xcoal"), by and through its undersigned counsel, respectfully submits the foregoing Opposition to Defendants/Counterclaim Plaintiffs' Objection (the "Objection") to the Admission of the Testimony of Mark Hamilton ("Mr. Hamilton"), and states as follows:

## I. ARGUMENT

### A. XCOAL LONG AGO DISCLOSED ITS INTENTION TO POSSIBLY CALL A NORFOLK SOUTHERN REPRESENTATIVE AT TRIAL.

Mr. Hamilton is a former and recently retired senior executive of Norfolk Southern with transportation and logistics responsibilities including with respect to the Bishop load-out and the 2017 CSA coal sale activities. Defendants argue in the Objection that Mr. Hamilton should be excluded from testifying at trial because he was allegedly not properly disclosed, including in Xcoal's Rule 26 Disclosures.

1

On August 26, 2018, over two years ago, in its Rule 26(a)(1) Initial Disclosures, Xcoal identified Norfolk Southern as likely having discoverable information that Xcoal "may use to support its claims or defenses" in this case. Xcoal stated as follows:

> Individuals previously, currently, and/or in the future employed by or otherwise affiliated with Norfolk Southern ("NS") are likely (upon information and belief) to have discoverable information, including but not limited to Kristopher C. Sandlin, regarding, *inter alia*: (1) rail car transportation arrangements, including rail permits; (2) delays caused by Bluestone and any related rail car demurrage charges incurred by Xcoal; and/or (3) Bluestone's loading of coal for customers other than Xcoal.

(*See* D.I. 142-1).

More recently, in Exhibit H of the Amended Resubmitted Proposed Final Pretrial Order, Xcoal properly identified, disclosed and reserved its right to call Mr. Hamilton as a witness at trial in Xcoal's case-in-chief, in its defense to Defendants' Counterclaim and/or for purposes of rebuttal/impeachment. (D.I. 88-8). Therein, Xcoal stated that it "currently anticipates (subject to revision as trial preparation continues) that it will or may call (live or by deposition) some or all of the following witnesses: …Designee from Norfolk Southern Railway, including potentially Kristopher Sandlin."[1] Mr. Sandlin has passed away. Mr. Hamilton was his superior at Norfolk Southern in late 2017 and therefore is being called upon to testify in this case.[2]

In addition to specifically identifying Norfolk Southern, Xcoal also further and separately noted in its pretrial submission that, "Xcoal may call any witness necessary for the identification and authentication of documents and things and/or witnesses necessary for rebuttal and/or impeachment purposes, including with respect to expert testimony." *Id.* And during oral argument

---

[1] Xcoal made the same disclosure in the original Proposed Pretrial Order submitted to the Court on August 29, 2019 prior to the trial being postponed for the first time at Defendants' request. (*See* D.I. 66-8).

[2] As Mr. Hamilton is a Norfolk Southern retiree, the potential for objection by Norfolk Southern for a subpoena has been obviated.

on September 4, 2020, undersigned legal counsel again put Defendants on notice that Xcoal may call a Norfolk Southern representative as a witness, stating that Xcoal "may want to call [Norfolk Southern] depending on what evidence the defendants put on as a rebuttal witness." (*See* 9/4/2020 Tr., p. 39:14-16).

Defendants' present complaint about the sufficiency of Xcoal's disclosures with respect to Norfolk Southern is made all the more incredible when reviewing Defendants' own pretrial witness list, which similar to Xcoal's list, indicates that Defendants "will or may call" a "Representative of Norfolk Southern" and that "the Bluestone Parties may call any witness necessary for the identification and authentication of documents and things and/or witnesses necessary for rebuttal and/or impeachment purposes." (*See* D.I. 88-10). The fact that Defendants' witness list virtually mirrors Xcoal's more than undercuts Defendants' present contention that they lacked notice of testimony from someone employed by Norfolk Southern during the time period relevant to Defendants' defenses and counterclaim.

In short, Defendants' have been on notice that Xcoal may call a witness from Norfolk Southern (including an individual "previously... employed or otherwise affiliated with Norfolk Southern") for virtually the entire duration of this case, and have never before objected to the manner in which Xcoal made such a disclosure.

**B.  DEFENDANTS WILL SUFFER ABSOLUTELY NO PREJUDCE IF MR. HAMILTON TESTIFIES, BUT XCOAL WILL SUFFER SUBSTANTIAL PREJUDICE IF HE DOES NOT TESTIFY.**

Defendants' feign surprise at Xcoal's plan to call Mr. Hamilton as a witness, and claim that they will be "substantially prejudiced" if he is to testify in this case. The ***opposite***, however, would be the case if he does not testify, as it would be Xcoal which would suffer substantial prejudice.

As an illustrative example, during their cross-examination last week of Xcoal's Ernie

3

Thrasher, Defendants focused on a Transportation Contract between Xcoal and Norfolk Southern, arguing based on the Contract that Xcoal was solely responsible for getting Norfolk Southern to deliver railcars to Bluestone's Bishop facility. The novelty of this argument is revealed in the very exhibit in which the Transportation Contract is contained. Indeed, the Transportation Contract is contained in Trial Exhibit 395, which is a ***compilation of the entirety*** of Norfolk Southern's production in response to Defendants' subpoena. In other words, Defendants' prior counsel never even designated the Transportation Contract as a separate exhibit in the jointly submitted exhibit list, or for that matter during depositions prior to trial. This argument focused on the Transportation Contract is also absent from Defendants' "Statement of Contested Facts" and "Brief Statement of What They Intend to Prove."[3] To now prevent Xcoal from introducing evidence regarding Defendants' contentions regarding the meaning and import of the Transportation Contract would serve to substantially prejudice Xcoal, not Defendants.

Furthermore, even if Mr. Hamilton's testimony was not within the scope of Xcoal's prior disclosures (which it is), Defendants' claims of prejudice ring hollow in light of the documents produced in this case. Mr. Hamilton is included in correspondence produced in this litigation by the Defendants themselves, as well as by Norfolk Southern in response to a subpoena issued by the Defendants. (*See e.g.,* Trial Exs. 149 and 249). Defendants had the opportunity to depose Mr. Hamilton ***and/or any other Norfolk Southern*** representative for that matter ***and declined to do so***. Thus any claim of prejudice by the Defendants should be rejected. *See Shumek v. McDowell*, No. 3:09-CV-216, 2011 U.S. Dist. LEXIS 5125, 2011 WL 183985, at *4 (M.D. Pa. Jan. 19,

---

[3] The most Defendants state on the issue of railcars in their Statement of Contested Facts or Brief Statement of What They Intend to Prove is that "Xcoal consistently failed to make necessary arrangements for coal cars to be permitted and sent to the Beckley facility, further hampering Bluestone's ability to load the coal requested by Xcoal." (D.I. 88-5). Nowhere do Defendants mention their current argument concerning the Transportation Contract.

4

2011) (permitting the testimony of witnesses not identified in Rule 26 disclosure where their identities were discussed during discovery therefore negating any claim of prejudice); *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir. 1995) (holding no abuse of discretion where district court refused to exclude witnesses' testimony because party's possible failure to disclose witnesses in self-executing disclosures was harmless since opponent knew of witnesses "well before trial").

### B.  MR. HAMILTON'S TESTIMONY IS ADMISSIBLE TO DEFEND AGAINST DEFENDANTS' COUNTERCLAIM.

Xcoal intends to call Mr. Hamilton as part of Xcoal's defense to Defendants' counterclaim for breach of the CSA. Defendants' case-in-chief relative to its counterclaim accusing Xcoal of breach is in the process of being asserted at trial. Indeed, Defendants are currently trying this portion of the case as the counterclaim plaintiff. Accordingly, Xcoal has the right to present evidence in defense of the counterclaim when Defendants conclude their case-in-chief relative to the counterclaim:

> Another important issue is whether evidence presented is rebuttal evidence or defensive evidence. In cases where the plaintiff has claims and the defendant has counterclaims, the plaintiff's rebuttal case, as a practical matter, may contain evidence that is true rebuttal evidence and other evidence that responds to the defendant's counterclaims. Since a counterclaim is a complaint brought by a defendant, the plaintiff has an absolute right to defend against that complaint. It follows that when the plaintiff presents evidence directed to the defendant's counterclaim, such evidence is presented as of right and should not be confused with rebuttal evidence.

Thomas A. Mauet & Warren D. Wolfson, *Trial Evidence* § 13.4 (7th ed. 2020). Evidence provided by Mr. Hamilton in defense of the breach of contract counterclaim asserted against Xcoal should be admitted as Xcoal has a right to present evidence in its defense.[4] Thus, Defendants' argument

---

[4] *See Sec. Alarm Enters., L.P. v. Alder Holdings, LLC*, 2017 U.S. Dist. LEXIS 215545, n.26 (D. Alaska Feb. 27, 2017) (permitting plaintiff to "present evidence supporting its defense to the

5

in the Objection that Mr. Hamilton's contemplated testimony falls outside the scope of permissible rebuttal testimony misses the mark completely with respect to his testimony for purposes of opposing Defendants' counterclaim.

### C. MR. HAMITLON'S TESTIMONY ALSO IS ADMISSIBLE AS REBUTTAL EVIDENCE.

Defendants have filed the Objection seeking to preclude Mr. Hamilton's contemplated rebuttal testimony before they have even completed presenting their defense to Xcoal's complaint and counterclaim. Accordingly, the Objection is grossly premature. It is not appropriate to determine whether or not Mr. Hamilton's rebuttal testimony falls within the admissible scope of rebuttal evidence until the Defendants have completed presenting their evidence. The Objection should be denied and or deferred until after the close of Defendants' evidence.

Nevertheless, Defendants' defense to Xcoal's Complaint is expected to continue through their case-in-chief and counterclaim presentation. Both contexts involve fundamental claims that Xcoal breached the CSA. It is "[t]he proper function and purpose of rebuttal testimony … to explain, repel, counteract or disprove the evidence of the adverse party." *See United States v. Chrzanowski,* 502 F.2d 573, 576 (3d Cir. 1974). It is well within the Trial Court's discretion to permit rebuttal testimony. *Id.* Indeed, a "trial court's decision to allow … rebuttal is not reviewable in the absence of gross abuse of discretion." *Id.* Furthermore, although there are certain limitations on the scope of rebuttal evidence,

> The limitations of rebuttal evidence "may be relaxed at the discretion of the trial court." *Zurich v. Wher*, 163 F.2d 791, 795 (3d Cir. 1947) (quoting *Friend v. Commissioner*, 102 F.2d 153, 155 (7th Cir. 1939)). The trial court has discretion to permit evidence on rebuttal even where it could have been offered as part of the plaintiff's case-in-chief. *Id.* The trial court may potentially be required to admit rebuttal evidence "where the probative value of

---

counterclaims and rebuttal ... to [defendant's] defense" after the defendant presented evidence of its defense and its counterclaims.)

6

>proffered evidence is potentially high and where such evidence, though admissible on the case in chief, was unnecessary for the plaintiff to establish in its prima facie case." *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 458 (2d Cir. 1975).

*See Holber v. Suffolk Constr. Co. (In Red Rock Servs. Co., LLC),* 522 B.R. 551, 574, 2014 U.S. Dist. LEXIS 169257, *49-50 (E.D. Pa. Dec. 8, 2014). While Mr. Hamilton's anticipated testimony was not necessary for Xcoal's case in chief, its probative value is significant and merits admission.

Furthermore, "[w]here … the evidence is real rebuttal evidence, the fact that it might have been offered in chief does not preclude its admission in rebuttal …with respect to real rebuttal evidence, the plaintiff has no duty to anticipate or to negate a defense theory in plaintiff's case-in-chief." *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 345 (6th Cir. 2002).[5] As discussed with respect to the above illustrative example, Defendants' "defense theory" that the Transportation Contract between Xcoal and Norfolk Southern somehow relieved Bluestone of its obligation to arrange for the delivery of railcars to Bishop was not disclosed until trial. This is precisely the kind of situation in which rebuttal testimony is proper and should be permitted, irrespective of whether the witness was previously disclosed. *See, e.g., FTC v. Innovative Designs, Inc.* 2019 U.S. Dist. LEXIS 118770, *3-4 (W.D. Pa. July 17, 2019) ("it is well-established that the Court has the discretion to allow undisclosed rebuttal witnesses to testify."); *Navair, Inc. v. Ifr Ams.,* 2008 U.S. Dist. LEXIS 136134, *10-11 (D. Kan. June 12, 2008) ("By its express language, Rule 26(a) doesn't require disclosure of impeachment witnesses and rebuttal witnesses traditionally need not be (and indeed, often cannot be) identified prior to trial.").

---

[5] *See also National Surety Corp. v. Heinbokel,* 154 F.2d 266, 258 (3d Cir. 1946) ("Where … evidence is real rebuttal evidence, the fact that it might have been offered in chief does not preclude its admission in rebuttal… We do not see that plaintiff was bound to anticipate defense proof …. [t]herefore when that testimony did come in it became necessary to refute it or at least to render its value doubtful.") (*internal citations and quotations omitted).*

7

Finally, as discussed above, there simply is no prejudice to the Defendants in permitting Mr. Hamilton to testify in rebuttal. Mr. Hamilton is an individual well-known to Defendants. They dealt with Mr. Hamilton on issues related to the CSA, and Mr. Hamilton's name appears on communications produced both from Defendants' own files and the files of Norfolk Southern obtained by Defendants via subpoena. Furthermore, even if Defendants were somehow prejudiced by the admission of Mr. Hamilton's rebuttal testimony (and they will not be), any such claimed prejudice can be eliminated via sur-rebuttal if necessary. *See U.S. Goodwin,* 770 F.2d 631, 638 (7th Cir. 1985).

### D. MR. HAMILTON'S TESTIMONY IS APPROPRIATE, AT MINIMUM, FOR IMPEACHMENT.

As discussed previously herein, Mr. Hamilton was sufficiently disclosed in Xcoal's pretrial submissions and his testimony is permissible under well-established law. However, even if not admissible for the reasons previously stated, Mr. Hamilton's testimony may be offered, at minimum, for impeachment purposes. More specifically, pursuant to Rule 26(a)(1)(A) and (3), "evidence offered 'solely for impeachment purposes' does have to be disclosed prior to trial." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 869 (7th Cir. 2005). "[I]t is well established that the Court has discretion to allow undisclosed rebuttal witnesses to testify for purposes of impeachment." *Gucker v. United States Steel Corp.,* 2016 U.S. Dist. LEXIS 9483, *9 (W.D. Pa. Jan. 27, 2016).

Consistent with this well-established principle of law, in a recent Memorandum Order addressing issues raised in a proposed pretrial order, Your Honor held that "[t]he parties need not list exhibits they may offer at trial to be used solely for impeachment or cross-examination..." and "[t]he parties need not serve one another with non-demonstrative exhibits, nor make available for inspection any physical exhibits, when such exhibits are to be used solely for impeachment or

8

cross-examination." *Noven Pharms., Inc. v. Amneal Pharms. LLC*, 2019 U.S. Dist. LEXIS 184051, *7 (D. Del. Oct. 24, 2019).

The holding in *Hammel* is also informative. There, on cross examination, defendant's counsel asked plaintiff a series of questions concerning aspects of his prior employment. 407 F.3d at 870. In response, plaintiff testified that he was never told that he was doing his job incorrectly by his former employer and that he never threatened to file lawsuit if he was terminated. *Id*. Defendant introduced testimony from plaintiff's former employer, which testimony directly contradicted plaintiff's responses on cross-examination. *Id*. The former employer's testimony thus served to impeach plaintiff's credibility as a witness. *Id*. Accordingly, the *Hammel* Court held that the district court did not abuse its discretion in admitting the former employer's testimony for impeachment purposes, even though defendant had not disclosed him as a witness before the trial.

To the extent that Mr. Hamilton's testimony is offered to impeach the testimony or other evidence introduced in Defendants' counterclaim case or defense to the Complaint, such testimony is admissible whether or not the testifying witness was disclosed prior to trial.

## II.  CONCLUSION

Accordingly, among the other reasons stated herein, the Court should hear the testimony of Mr. Hamilton in the interest of fairness and justice. Indeed, full and complete knowledge regarding an independent third party's dealings with the disputing litigants regarding a contested matter is in the interest of justice and this Court has significant flexibility in the method of receiving evidence as this is a non-jury trial. Furthermore, the anticipated testimony of Mr. Hamilton, a remote third party, will achieve a full record while being very limited in length and scope. To the extent Defendants wish to contest issues related to the testimony's admissibility,

application and/or scope, such issues can be briefed, if necessary, after trial. For these reasons, Plaintiff, Xcoal Energy & Resources, respectfully requests that the Court permit Mark Hamilton to testify at trial in the above-referenced matter.

Dated: September 23, 2020                              BUCHANAN INGERSOLL & ROONEY PC

                                                                         */s/ Geoffrey G. Grivner*
                                                                         Geoffrey G. Grivner (#4711)
                                                                         919 North Market Street, Suite 990
                                                                         Wilmington, Delaware 19801-3046
                                                                         (302) 522-4200
                                                                         (302) 522-4295 (facsimile)
                                                                         *geoffrey.grivner@bipc.com*

                                                                         Kevin P. Lucas (admitted *pro hac vice*)
                                                                         Daniel C. Garfinkel (admitted *pro hac vice*)
                                                                         Buchanan Ingersoll & Rooney, P.C.
                                                                         Union Trust Building
                                                                         501 Grant Street, Suite 200
                                                                         Pittsburgh, Pennsylvania 15219
                                                                         (412) 562-8350
                                                                         (412) 562-1041 (facsimile)
                                                                         *kevin.lucas@bipc.com*
                                                                         *daniel.garfinkel@bipc.com*

                                                                         Counsel for Xcoal Energy & Resources