# Buchanan Ingersoll & Rooney PC

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE 19801-3036
T 302 552 4200
F 302 552 4295

June 14, 2023

**VIA CM/ECF**
The Honorable Leonard P. Stark
Circuit Judge, U. S. Court of Appeals for the Federal Circuit

> Re:   Xcoal Energy & Resources ("Xcoal") v. Bluestone Energy Sales Corporation ("Bluestone"), Southern Coal Corporation ("SCC"), and James C. Justice, II ("Governor Justice") (collectively, "Defendants"), C.A. No. 18-819-LPS.

Dear Judge Stark:

Pursuant to the Oral Order dated June 12, 2023 (D.I. 222), Xcoal hereby submits this letter motion to compel Defendant Governor Justice to issue full written responses and produce all documents responsive to the Interrogatories and Requests for the Production of Documents in Aid of Execution Directed to Governor Justice (the "Discovery Requests").[1]   As set forth below, there is no legitimate basis for Governor Justice to object to the relief requested herein.

### A.   LEGAL STANDARD

"In aid of the judgment or execution, the judgment creditor... may obtain discovery from any person – including the judgment debtor – as provided in these rules...." Fed. R. Civ. P. 69(a)(2). The purpose of post-judgment discovery is to allow the judgment creditor to identify assets from which the judgment may be satisfied, and the scope of such discovery is "very broad." *Haiying Xi v. Shengchun Lu*, 804 F. App'x 170, 173 (3d Cir. 2020) (citations omitted).

"The standards and consequences of a failure to make disclosures or cooperate with discovery in aid of execution are set forth in Fed. R. Civ. P. 37." *Haiying Xi*, 804 F. App'x at 173. Pursuant to Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection... if... a party fails to answer an interrogatory submitted under Rule 33; or [] a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

"A party responding to interrogatories must serve his answer and any objections within 30 days after being served." *Richmond v. Correct Care Solutions, LLC*, Civ. No. 14-806, 2018 WL 4567118, at *2 (D. Del. Sept. 24, 2018) (Stark, J.) (citing Fed. R. Civ. P. 33(b)(2)).   "With interrogatories any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure." *Id*. (*citing* Fed. R. Civ. P. 33(b)(4)).

---

[1] The Discovery Requests are attached hereto as Exhibits 1 and 2.

June 14, 2023
Page - 2 -

"Similarly, the party to whom a request for production of documents is directed must respond in writing 30 days after being served." *Id*. (*citing* Fed. R. Civ. P. 34). Two approaches have emerged within the Third Circuit with respect to whether the failure to serve timely objections constitutes waiver under Rule 34. *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 239 (D.N.J. 2022). Some courts have held that failure to timely object to document requests constitutes an automatic waiver of such objections (as courts agree is the case under Rule 33), while others have held that such failure does not result in "automatic waiver." *Id*. at 239-40.[2] Under either approach, however, the "decision as to whether to compel production of documents... remains within the sound discretion of the Court." *Id*. at 241. Notably, at least one court in the District of Delaware held that a party's failure to timely respond to document requests and to provide any grounds or excuse for such failure resulted in that party waiving all objections. *See SWIMC, Inc. v. Hy-Tech Thermal Solutions, LLC*, Civ. No. 08-084, 2009 WL 1795177, at *3 (D. Del. June 24, 2009).

The failure to seek a protective order prior to the date on which the requested discovery is due may also result in wavier. *See, e.g., U.S. Panhandle Eastern Corp*., 118 F.R.D. 346, 350 (D. Del. 1988) ("Ordinarily a protective order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later.") (citations omitted).

**B.   ARGUMENT**

As set forth in the parties' joint status report dated May 3, 2023 (D.I. 213), the balance of the total judgment due from Defendants is $1,917,222.32, plus post-judgment interest. Defendants are jointly and severally liable for this amount. Despite repeated demand, Defendants have not indicated that payment of this amount is forthcoming.

Xcoal has stated its intention to execute against Defendants as to the above-referenced amount, and on March 22, 2023, served each of the Defendants with Interrogatories and Requests for the Production of Documents in Aid of Execution. Defendants failed to respond to these discovery requests within 30 days. Defendants also did not respond to Xcoal's efforts to meet and confer regarding such failure until May 3, 2023, which was the day on which the parties' joint status report was due with the Court. Confronted with this impending deadline, Defendants' counsel for the first time requested an extension until May 22, 2023 for each of the Defendants to respond and produce documents pursuant to the Discovery Requests. Xcoal consented to Defendants' request that same day and the extension was memorialized in the parties' May 3rd joint status report. (*See* D.I. 213). In granting the request, Xcoal also expressly reserved its right to assert that Defendants had waived all objections to the Discovery Requests. (*Id*. at p. 2).

On May 22, 2023, Defendants SCC and Bluestone issued written responses and produced certain documents in response to the Discovery Requests. Defendant Governor Justice, without explanation, neither issued written responses nor produced documents pursuant to the Discovery

---

[2] Even pursuant to this second approach, waiver is appropriate in cases of "more egregious conduct." *Allen*, 340 F.RD. 239.

June 14, 2023
Page - 3 -

Requests. As discussed during the June 2, 2023 status conference, Defendants' counsel indicated for the first time earlier in the afternoon that Governor Justice would request that the Court defer the Discovery Requests directed to his attention. Subsequently, the parties' counsel met and conferred, and Defendants' counsel confirmed that Governor Justice would not be responding to the Discovery Requests at this time. (*See* D.I. 221). As set forth herein, Governor Justice is required to respond to the pending Discovery Requests.

First, Governor Justice's counsel has manifestly failed to offer a legitimate basis to defer discovery. During the June 2nd status conference, counsel suggested that the requested financial material is particularly sensitive because of Governor Justice's recently announced candidacy for the United States Senate. As Your Honor correctly noted during the status conference, "running for office does not give you more or less rights than any other litigant." There is no dispute that Xcoal is entitled to take post-judgment discovery in aid of execution, and that Governor Justice, as a judgment debtor, is required to fully respond to the same. Governor Justice is not immune to the Discovery Requests simply because he is running for office.

Second, Governor Justice's purported concerns regarding confidentiality are particularly misplaced in light of the Stipulation of Confidentiality and Protective Order ("Confidentiality Order") agreed to by the parties and entered by the Court. (*See* D.I. 26 and 9/24/2018 Text Order). This Confidentiality Order fully addresses Governor Justice's purported concerns.[3]

Third, for the reasons stated above, Governor Justice's failure to timely issue objections has resulted in the waiver of the same. Indeed, there is absolutely no "good cause" to excuse Governor Justice's failure to respond. To the contrary, Governor Justice asserted his purported confidentiality objections for the first time ***after*** receiving an extension ***to respond*** and ***produce documents*** pursuant to the Discovery Requests. As previously stated by this Court in support of its Order granting attorneys' fees and costs, "Defendants' bad faith misconduct permeated the entirety of the litigation...." (D.I. 193, p. 10). As this latest episode demonstrates, Governor Justice's bad faith misconduct has continued to the execution phase of this litigation, and there is no basis to excuse his bad faith failure to respond to the Discovery Requests.

In summary, for the reasons stated herein, Xcoal respectfully requests that the Court issue an Order compelling Governor Justice to issue full written responses to the Discovery Requests and to produce all documents responsive thereto within ten (10) days of the date of such Order.

---

[3] *See, e.g., Hamilton Sundstrand Corp. v. Aircraft Propeller Serv.*, No. 19-6472, 2020 WL 8838031, at *2 (S.D.N.Y. Jun. 22, 2020) ("[B]ecause parties have a protective order in place that limits who can view documents marked either 'Confidential' or 'Highly Confidential,' Plaintiffs' objection that Defendants seek 'proprietary or trade secret information' is moot."); *Garner v. Mission Essential Personnel, L.L.C.*, No. 11-127, 2012 WL 1898888, at *1 (S.D. Miss. May 23, 2012) ("While some of the documents at issue may be confidential or proprietary in nature, such documents are subject to the Agreed Protective Order entered in this matter, which should sufficiently address any concerns about disclosing proprietary or sensitive information.").

June 14, 2023
Page - 4 -

                                        Sincerely yours,

                                        */s/ Geoffrey G. Grivner*

                                        Geoffrey G. Grivner (#4711)

GGG/
cc:      All Counsel of Record via ECF