Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XCOAL ENERGY & RESOURCES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18-cv-819 (LPS) |
| | ) | |
| BLUESTONE ENERGY SALES | ) | |
| CORPORATION, SOUTHERN COAL | ) | |
| CORPORATION, and JAMES C. JUSTICE, | ) | |
| II, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF XCOAL ENERGY & RESOURCES' FIRST SET OF INTERROGATORIES IN AID OF EXECUTION DIRECTED TO DEFENDANT JAMES C. JUSTICE, II

Plaintiff Xcoal Energy & Resources ("Xcoal" or "Plaintiff"), by and through its undersigned attorneys, submits to Defendant James C. Justice, II ("Judgment Debtor") the following First Set of Set of Interrogatories in Aid of Execution ("Interrogatories") pursuant to Rules 26, 33 and 69(a)(2) of the Federal Rules of Civil Procedure and the Local Rules of this Court.

## DEFINITIONS

1.      "Describe" shall mean to exhaust your information, knowledge or belief with respect to the subject matter of the request, and at a minimum with respect to communications it means to state in each instance the date, the identity of participants and witnesses, and the exact conversation as best it is recalled identifying the speaker in each instance.

2.      "Encumbrance," with respect to Judgment Debtor's assets, shall mean any interest or right held by any Person in an asset owned by Judgment Debtor that secures or collateralizes any debt or obligation owed by Judgment Debtor or a third party to another Person.

3.      "Financial Statements" shall refer to all documents reflecting an individual's or organization's financial conditions and results (whether individually or as part of a consolidated report or statement), including without limitation balance sheets, general ledgers, journals, operating statements, income statements, statements of cash flow, audited or unaudited reports, and interim monthly and/or quarterly reports.

4.      "Identify," when used with respect to an Individual, means to state the individual's full name, present or last known residence and business address, job title or titles and the name and address of present or last known employer, together with the individual's home, cell and/or business telephone numbers.  "Identify," when used with respect to a corporation or other entity, means to state the corporation's or entity's name, state of incorporation and its principal place of business and business address.  "Identify," when used with respect to a document, means to describe the document (email, letter, memo, illustration, photograph or any other type of document), the identity of the author or originator, the date authored or originated, the identity of each Person to whom the original or copy was addressed or delivered, the identity of such Person known or reasonably believed by Judgment Debtor to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.  If any document was, but is no longer in existence, or in anyone's custody or control, state where it is located and/or what disposition was made of it.  "Identify," when used with respect to assets, means to describe the asset with sufficient detail to enable the asset to be objectively determinable and located.

5.      "Individual" shall mean any natural person.

6.      "Judgment Debtor," "you," or "your" shall refer to Defendant James C. Justice, II.

7.      "Person" or "Persons" means and includes any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole

2

proprietorships, or any and/or all other organization of individuals or other legal or business entities.

8.      "Real Property" shall refer to tracts or parcels of land, including but not limited to immovable fixtures and improvements situated on land, and mineral estates regardless of whether the title to such mineral estate has been severed from the title to the surface tract.

## INSTRUCTIONS

1.      Each Interrogatory is to be responded to separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for any failure to respond to each Interrogatory as fully as possible.  The omission of information from a response shall be deemed a representation that such information was not known to, or in the possession of Judgment Debtor, his present or former agents, employees, servants, representatives, attorneys, advisors, consultants, investigators, or subcontractors at the time Judgment Debtor serves his responses.

2.      Each Interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for Judgment Debtor's objection shall be stated in detail.  If an objection pertains only to a portion of an Interrogatory, or a word or phrase, or clause contained within it, Judgment Debtor is required to state its objection to that portion only and to respond to the remainder of the Interrogatory, using Judgment Debtor's best efforts to do so.

3.      To the extent that Judgment Debtor objects to any Interrogatory on the basis that a word or phrase is undefined, Judgment Debtor shall identify the specific word or phrase subject to the objection, describe Judgment Debtor's understanding of the word or phrase's common usage and meaning, and respond to the Interrogatory using Judgment Debtor's stated understanding of the word or phrase subject to the objection.

4.      The following rules of construction apply to these Interrogatories:

a.      the term "all" shall be construed to mean each or any, and the term "each" or "any" shall be construed to mean all as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope;

b.      the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope;

c.      the use of the singular form of any word includes the plural and *vice versa*;

d.      any Interrogatory propounded in the masculine shall be read as if propounded in the feminine and *vice versa*; and

e.      any Interrogatory propounded in the present tense shall be read as if propounded in the past tense and *vice versa*.

## <u>INTERROGATORIES IN AID OF EXECUTION</u>

1.      Identify each and every financial institution at which Judgment Debtor (whether in his own name or that of another) maintains, or has maintained during the period May 31, 2018 through the present, an account of any kind, and further identify the following for each account:

    (a)    The financial institution at which each account is or was held;

    (b)    The account number(s) at each financial institution;

    (c)    The nature and/or purpose of each account;

    (d)    The current status (active/inactive/closed) of each account;

    (e)    The amount in the account at the time of the Judgment, and the current balance of each account; and

    (f)    If any money of Judgment Debtor is maintained in an account under a name other than its own, the name(s) under which the account is maintained.

**<u>RESPONSE</u>**:


2.      For the period May 31, 2018 through the present, identify each and every state in which Judgment Debtor has held and/or owned property of any kind, operated, conducted business, generated revenue, and/or advertised.  For each state identified, describe Judgment Debtor's activities in each state and the address(s) where such activities took place.

**<u>RESPONSE</u>**:


3.      For the period May 31, 2018 through the present, identify each entity in which Judgment Debtor has directly or indirectly held an ownership interest, including the duration of each such ownership interest and the percentage of each such ownership interest.

**<u>RESPONSE</u>**:

4.      Identify all stocks, bonds, mutual funds, money market funds, or other securities of any kind held in the name of Judgment Debtor or on behalf of Judgment Debtor, whether held individually or jointly with any other Person, and describe any such asset by stating:

      (a)      The name and address of the institution where such an asset is situated;

      (b)      The account or serial number of each such asset;

      (c)      The value as of the date of the Judgment; and

      (d)      The name, address and telephone number of any Person or business entity with whom you share, under any form of joint ownership or community interest, any degree of ownership or control of any such asset.

**RESPONSE**:


5.      For the period May 31, 2018 through the present, identify all Financial Statements maintained by Judgment Debtor and identify the individual(s) and/or entity(ies) that created, maintained and/or supervised the creation or maintenance of such Financial Statements.

**RESPONSE**:


6.      Identify all individuals and/or entities retained by Judgment Debtor during the period May 31, 2018 through the present to perform accounting and/or auditing services on his behalf and identify contact information (address and telephone number) for each such individual or entity.

**RESPONSE**:

7.      Identify and describe all accounts receivable, notes, judgments, and other indebtedness of any kind owed to Judgment Debtor by providing: (a) the name(s) and address(es) of all Persons indebted to Judgment Debtor; (b) the amounts of such indebtedness; (c) the nature of each indebtedness; and (d) a description of any Encumbrances upon Judgment Debtor's interest.

**RESPONSE**:


8.      Identify and describe any royalties (including without limitation from the mining and/or sale of coal or other natural resources) to which Judgment Debtor is entitled and the individual(s) and/or entity(ies) responsible for paying such royalties.

**RESPONSE**:


9.      Identify and describe each parcel or tract of Real Property in which Judgment Debtor holds, or has held during the period May 31, 2018 through the present, a current, future, and/or contingent interest by identifying:  (a) the Real Property's location (mailing address, Tax Map and Parcel Number, and/or GPS location); (b) the nature and/or use of the Real Property; (c) any Persons that hold an interest in or otherwise possesses the Real Property, and the nature of such Persons' interest or right to possess the Real Property; (d) the purchase price of the Real Property; (e) the present value of the Real Property; and (f) the amount of any Encumbrances on the Real Property and the identity of the holder of any such Encumbrance.

**RESPONSE**:

10.    Identify all equipment and/or vehicles Judgment Debtor owns or holds and, for each piece of equipment and/or vehicle identified, identify (as applicable) the date of acquisition, purchase price, serial number, vehicle identification number, license number, current location, the current value, and the existence of any Encumbrances including any UCC filings related to the equipment or vehicle.

**RESPONSE**:

11.    Identify and describe all of Judgment Debtor's sources of income from 2018 to the present, including the amount of funds received from each such source of income on an annual basis.

**RESPONSE**:

12.    Identify any trust(s) for which Judgment Debtor is a beneficiary (whether directly or indirectly) or trustee, and for each such trust, identify (a) the names, addresses, and telephone numbers of each trustee and beneficiary other than Judgment Debtor; (b), all property, funds, and/or assets held by each trust; and (c) each disbursement received by Judgment Debtor under each trust for the period May 31, 2018 through the present.

**RESPONSE**:

13.    Identify any assets owned or held by Judgment Debtor during the period May 31, 2018 through the present that were not disclosed in your responses to the preceding Interrogatories.

**RESPONSE**:

14.    Identify each Individual who provided the information and/or documents required to respond to the within Interrogatories, and describe in detail the information provided by each individual.

**RESPONSE:**

BUCHANAN INGERSOLL & ROONEY PC

/s/ *Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801-7407
Telephone:  (302) 522-4200
Facsimile:  (302) 522-4295
Email: geoffrey.grivner@bipc.com

Kevin P. Lucas (admitted *pro hac vice*)
Daniel C. Garfinkel (admitted *pro hac vice*)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219
Telephone:  (412) 562-8800
Facsimile:  (412) 562-1041
Email: kevin.lucas@bipc.com
          daniel.garfinkel@bipc.com

DATED:  March 22, 2023              *Counsel for Plaintiff,*
                                    *Xcoal Energy & Resources*