# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XCOAL ENERGY & RESOURCES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 1:18-cv-819 (LPS) |
| | ) |
| BLUESTONE ENERGY SALES | ) |
| CORPORATION, SOUTHERN COAL | ) |
| CORPORATION, and JAMES C. JUSTICE, | ) |
| II, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF XCOAL ENERGY & RESOURCES' FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS IN AID OF
EXECUTION DIRECTED TO DEFENDANT JAMES C. JUSTICE, II**

Plaintiff Xcoal Energy & Resources ("Xcoal" or "Plaintiff"), by and through its undersigned attorneys, submits to Defendant James C. Justice, II ("Judgment Debtor") the following Requests for Production of Documents ("Requests") pursuant to Rules 26, 34, and 69(a)(2) of the Federal Rules of Civil Procedure and the Local Rules of this Court.

In accordance with Rule 34, Judgment Debtor shall respond to the following Requests for Production within thirty (30) days of service hereof, and produce in accordance with the below Instructions all documents responsive to the Requests for Production within thirty (30) days hereof to Xcoal's below counsel of record, Buchanan Ingersoll & Rooney, PC, at its offices located at either 500 Delaware Avenue, Suite 720, Wilmington, Delaware 19801-7407 or Union Trust Building, 501 Grant Street, Suite 200, Pittsburgh, Pennsylvania 15219, or at such other place and time to which the parties may agree. Each Request for Production is subject to the Definitions and Instructions set forth below.

## **DEFINITIONS**

1. "Document" is synonymous in meaning and equal in scope with the broadest usage of this term in Rule 34 and shall include without limitation, any hard copy or electronic version of any written, printed, typed, recorded, filmed or graphic matter, however produced or reproduced, and any written or original, master, duplicate or copy.

2. "Encumbrance," with respect to Judgment Debtor's assets, shall mean any interest or right held by any Person in an asset owned by Judgment Debtor that secures or collateralizes any debt or obligation owed by Judgment Debtor or a third party to another Person.

3. "Financial Statements" shall refer to all documents reflecting an individual's or organization's financial conditions and results (whether individually or as part of a consolidated report or statement), including without limitation balance sheets, general ledgers, journals, operating statements, income statements, statements of cash flow, audited or unaudited reports, and interim monthly and/or quarterly reports.

4. "Judgment Debtor" shall mean Defendant James C. Justice, II.

5. "Person" or "Persons" means and includes any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, or any and/or all other organization of individuals or other legal or business entities.

6. "Real Property" shall refer to tracts or parcels of land, including but not limited to immovable fixtures and improvements situated on land, and mineral estates regardless of whether the title to such mineral estate has been severed from the title to the surface tract.

**INSTRUCTIONS**

1. These Requests extend to all documents in the possession, custody and/or control of Judgment Debtor, or in the possession, custody or control of Persons or entities under Judgment Debtor's control.

2. Each Request shall be answered fully unless it is in good faith objected to, in which event the reasons for Judgment Debtor's objection shall be stated in detail. If an objection pertains only to a portion of a Request, or a word or phrase, or clause contained within it, Judgment Debtor is required to state his objection to that portion only and to respond to the remainder of the Request, using Judgment Debtor's best efforts to do so.

3. If Judgment Debtor contends that any document requested to be produced is protected from discovery by the attorney-client privilege, the work product doctrine or other ground of privilege, then Judgment Debtor shall identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any privilege is claimed, Judgment Debtor shall indicate, as to the information requested, whether any such documents exist. Judgment Debtor shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable the applicability of the privilege or protection to be assessed as provided by Rule 26(b)(5).

4. All requested documents produced shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business. In either case:

    a. All documents shall be produced with all associated file labels, file headings, and file folders together with the responsive document from each file, and each file shall be identified as to its owner or custodian;

    b. If produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together and shall include all attachments currently or previously appended to each document;

    c. Electronically stored documents shall be produced in their native format with complete families and all metadata; and

    d. All documents that cannot be legibly copied shall be produced in original form.

5. Pursuant to Rule 26(e), these Requests are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If at any time during the course of this proceeding further responsive documents come into Judgment Debtor's possession, Judgment Debtor's attention, or to the possession or attention of his attorneys, such documents must be produced as required by the Federal Rules of Civil Procedure.

6. To the extent that any document is produced in response to one of the following Requests and is also responsive to a subsequent Request, an additional copy of the document need not be supplied.

7. If any requested document is no longer in existence or cannot be found, state the reason why such document no longer exists, the identity (as defined below) of the Persons responsible for the document no longer being in existence and its last known custodian.

## REQUESTS FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION

1. Produce all Financial Statements covering the period May 31, 2018 through the present.

**RESPONSE:**

2. Produce all schedules of assets owned, leased, and/or held by Judgment Debtor that have been prepared during the period May 31, 2018 through the present.

**RESPONSE:**

3. Produce all state, local, and federal tax returns filed by, or on behalf of, Judgment Debtor for tax years 2018 through the present.

**RESPONSE:**

4. Produce all K-1 statements and state equivalents that relate to Judgment Debtor and have been filed for the years 2018 through present.

**RESPONSE:**

5. Produce all documents related to any Encumbrances on Judgment Debtor's assets.

**RESPONSE**:

6. Produce documents sufficient to identify any stocks, bonds, mutual funds, money market funds, or other securities of any kind held in the name of Judgment Debtor or on behalf of Judgment Debtor, whether held individually or jointly with any other Person.

**RESPONSE**:

7.   Produce all original notes, deeds, title certificates, mortgages, or security instruments of any kind showing or tending to show the existence of debts owed to Judgment Debtor or property and assets (including without limitation Real Property) owned by Judgment Debtor or property and assets (including without limitation Real Property) in which he has a security interest.

**RESPONSE**:

8.   Produce any and all bank statements, canceled checks, or other memoranda showing all transactions with any bank(s) with which Judgment Debtor did business during the period May 31, 2018 through the present.

**RESPONSE**:

9.   Produce all documents concerning any royalties (including without limitation from the mining and/or sale of coal or other natural resources) to which Judgment Debtor is entitled, including without limitation the document(s) pursuant to which the right to receive such royalties arise and documents sufficient to identify all payments of such royalties for the period May 31, 2018 through the present.

**RESPONSE**:

10.   Produce all documents prepared since May 31, 2018 that depict, describe, and/or summarize Judgment Debtor's ownership interest in any organization or entity.

**RESPONSE:**

11.     Produce all documents evidencing Judgment Debtor's receipt of income of any kind during the period May 31, 2018 through the present, including without limitation pay stubs, W2 statements, 1099 statements, and cancelled checks.

**RESPONSE**:

12.     All documents concerning any trust(s) for which Judgment Debtor is a beneficiary (whether directly or indirectly) or trustee, including without limitation, for each trust, (a) all trust agreement(s) and any amendment(s) thereto; and (b) all documents identifying any property, funds, and/or assets held by each trust for the period May 31, 2018 through the present.

**RESPONSE**:

13.     Produce documents sufficient to identify any and all assets of any kind held by Judgment Debtor, whether in his own name or that of another, during the period May 31, 2018 through the present.

**RESPONSE:**

14.     Produce all documents used, relied upon, or referenced by Judgment Debtor in responding to the First Set of Interrogatories Directed to Judgment Debtor.

**RESPONSE:**

|  |  |
|---|---|
|  | BUCHANAN INGERSOLL & ROONEY PC |
|  | /s/ *Geoffrey G. Grivner* |
|  | Geoffrey G. Grivner (#4711) |
|  | 500 Delaware Avenue, Suite 720 |
|  | Wilmington, DE 19801-7407 |
|  | Telephone: (302) 522-4200 |
|  | Facsimile: (302) 522-4295 |
|  | Email: geoffrey.grivner@bipc.com |
|  |  |
|  | Kevin P. Lucas (admitted *pro hac vice*) |
|  | Daniel C. Garfinkel (admitted *pro hac vice*) |
|  | Union Trust Building |
|  | 501 Grant Street, Suite 200 |
|  | Pittsburgh, PA  15219 |
|  | Telephone: (412) 562-8800 |
|  | Facsimile: (412) 562-1041 |
|  | Email: kevin.lucas@bipc.com |
|  |          daniel.garfinkel@bipc.com |
| DATED:  March 22, 2023 | *Counsel for Plaintiff,* |
|  | *Xcoal Energy & Resources* |