

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
**www.potteranderson.com**

**John A. Sensing**
**Partner**
Attorney at Law
jsensing@potteranderson.com
302 984-6093 Direct Phone
302 658-1192  Fax

June 14, 2023

<u>VIA CM/ECF</u>

The Honorable Leonard P. Stark
Circuit Judge, U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC  20439

  Re: *Xcoal Energy & Res. v. Bluestone Energy Sales Corp., et al.*,
    <u>C.A. No. 18-cv-819-LPS (D. Del.)</u>

Dear Judge Stark:

  In this collection action, Xcoal is seeking to enforce a judgment against Governor James C. Justice, II and two corporations, Bluestone Energy Sales Corporation ("Bluestone") and Southern Coal Corporation ("SCC").  As part of the post-judgment discovery, Xcoal has requested wide-ranging and sensitive financial information from Governor Justice, including his income tax returns.  *See* Exhibit A (Plaintiff Xcoal Energy & Resources' First Set of Interrogatories in Aid of Execution Directed to Defendant James C. Justice, II); Exhibit B (Plaintiff Xcoal Energy & Resources' First Set of Requests for Production of Documents in Aid of Execution Directed to Defendant James C. Justice, II).  Governor Justice is currently a candidate in a political race that could determine control of the United States Senate.  The information Xcoal seeks in discovery is sufficiently sensitive—and coveted by the news media and Governor Justice's political adversaries—that Governor Justice has a well-founded concern for its confidentiality.

  Although a Stipulation of Confidentiality and Protective Order (D.I. 26) has been entered in this case, the potential consequences of the information at issue being leaked, hacked, or otherwise made public are sufficiently severe that the existing protective order cannot adequately ensure the information's continued confidentiality.  Indeed, the existing protective order was entered in September of 2018 – nearly five years ago – and was not designed to protect the personal financial information of a candidate for the United States Senate in the lead up to one of the most politically charged elections in our nation's history.  The existing protective order would permit Governor Justice's information to be shared via any means (including electronic transmission) with numerous recipients including Xcoal's employees; Xcoal's outside counsel and their staff; copy services and other vendors retained by counsel; and experts and consultants retained by counsel.  It also contains no restrictions on the number and format of copies that may be made.  The unlimited transmission of the information among the many recipients authorized by the protective order, together with the unlimited number and types of copies that each of those

The Honorable Leonard P. Stark
June 14, 2023
Page 2

recipients may make, creates opportunities for breaches of confidentiality. A large number of recipients means a large number of email accounts that can be hacked. Unlimited transmissions mean more opportunities for transmissions to be intercepted, or for unauthorized recipients to be inadvertently included on emails. And the more copies that are made, the more copies that may be misplaced or left in locations where others might access, take, or photograph them.

Accordingly, Governor Justice seeks to defer discovery regarding his sensitive personal financial information until discovery of Bluestone's and SCC's information has been completed and it can be determined whether discovery of his individual information is necessary. Alternatively, Governor Justice seeks the following additional protective measures for his sensitive personal financial information:

- o The information will be produced only in a single hard copy on non-reproducible paper;

- o Only three specifically designated attorneys and two specifically designated support staff may view the information;

- o The information may not be scanned, copied, or reproduced in any form, including in handwritten notes;

- o The hard-copy production must be maintained in a locked area accessible only by the persons designated to have access to it; and

- o The hard-copy production must be returned to Governor Justice at the conclusion of the matter.

These measures will significantly reduce the risk that Governor Justice's private financial information will be made public.

We thank the Court for its consideration of these requests, and look forward to discussing these issues on June 21, 2023, at 2:15 p.m.

Respectfully,

*/s/ John A. Sensing*

John A. Sensing (DE Bar No. 5232)

cc: All Counsel of Record (via CM/ECF, with exhibits)