# Buchanan Ingersoll & Rooney pc

919 North Market Street, Suite 990
Wilmington, DE 19801-3036

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

T 302 552 4200
F 302 552 4295

June 16, 2023

**VIA CM/ECF**

The Honorable Leonard P. Stark
Circuit Judge, U. S. Court of Appeals for the Federal Circuit

Re:   Xcoal Energy & Resources ("Xcoal") v. Bluestone Energy Sales Corporation
      ("Bluestone"), Southern Coal Corporation ("SCC"), and James C. Justice, II
      ("Governor Justice") (collectively, "Defendants"), C.A. No. 18-819-LPS.

Dear Judge Stark:

Pursuant to his June 14, 2023 letter submission (D.I. 224), Governor Justice requests that the Court defer discovery in aid of execution for no other reason than because he is running for public office.   Alternatively, Governor Justice requests that the Court implement a set of extraordinary and incredibly burdensome "protective measures" to govern any production of his financial records.  As Your Honor correctly observed during the June 2, 2023 status conference, "running for office does not give you more or less rights than any other litigant."  Unsurprisingly, Governor Justice cites to absolutely no authority to suggest otherwise.

Governor Justice's letter also ignores the most obvious solution to his purported concerns – instead of continuing to flout his obligations to Xcoal, Governor Justice could simply pay the remaining judgment amount of $1,917,222.32, plus post-judgment interest.  It is undisputed that this amount is due and owing.  Yet despite repeated demand, payment has not been forthcoming. Until such payment is made, Governor Justice, like any other judgment debtor, is subject to discovery in aid of execution.

Accordingly, for the reasons set forth herein and in Xcoal's letter submission dated June 14, 2023 (D.I. 223), Xcoal respectfully requests that the Court deny Governor Justice's requested relief, and instead compel him to issue full written responses and produce all documents responsive to the Discovery Requests.[1]  Further, the materials should be produced pursuant to the terms of the existing Stipulation of Confidentiality and Protective Order ("Confidentiality Order") agreed to by the parties and entered by the Court.  (*See* D.I. 26 and 9/24/2018 Text Order).

First, "[i]n aid of the judgment or execution, the judgment creditor... may obtain discovery from any person – including the judgment debtor – as provided in these rules...." Fed. R. Civ. P.

---

[1] The Discovery Requests are attached to Xcoal's June 14, 2023 letter submission as Exhibits 1 and 2.  (*See* D.I. 223).

June 16, 2023
Page - 2 -

69(a)(2).  The purpose of post-judgment discovery is to allow the judgment creditor to identify assets from which the judgment may be satisfied, and the scope of such discovery is "very broad." *Haiying Xi v. Shengchun Lu*, 804 F. App'x 170, 173 (3d Cir. 2020) (citations omitted).  The Discovery Requests serve this purpose, and Governor Justice has offered no legitimate reason to justify his failure to respond thereto.

Second, even if Governor Justice had a legitimate basis to object to the Discovery Requests (and he does not), he waived any such objections by failing to timely respond to the Discovery Requests and/or seek a protective order prior to the date on which the responses were due.  (*See* D.I. 223, pp. 1-2).  Not only has Governor Justice failed to offer "good cause" to excuse his delinquency, but he has offered no excuse whatsoever.  To the contrary, as stated previously, Governor Justice's bad faith conduct with respect to the Discovery Requests has mirrored his conduct throughout this litigation.  (*See* D.I. 223, p. 3).  To reiterate, after ignoring the Discovery Requests entirely, Defendants requested an extension on the same day that a status report was due with the Court.  (*See* D.I. 213).  Xcoal in good faith granted the extension request, only to now face Governor Justice's new-found and baseless objections.

Third, numerous media outlets have reported that Governor Justice is facing significant financial headwinds.[2]  For this reason alone the Court should deny Governor Justice's request to defer discovery of his personal finances.  It is critical that Xcoal be afforded its rightful opportunity to immediately locate assets and recover the remaining amount due, as there is a substantial risk that such assets may be liquidated in the very near future.

Fourth, Governor Justice's purported concerns over the existing Confidentiality Order are as groundless as his request to defer discovery.  According to Governor Justice, the Confidentiality Order is insufficient to protect his interests as a political candidate.  Such a concern would suggest that the Confidentiality Order was entered into prior to Governor Justice entering the political arena.  The Confidentiality Order, however, was entered into during Governor Justice's first term as West Virginia Governor.  Further, discovery in this case took place while Governor Justice was actively running for reelection during 2019.[3]  Yet this is the first time that Governor Justice has

---

[2] *See, e.g.,* The Parkersburg  News & Sentinel, *Red Ink:  Financial Issues Follow Justice Into Senate Race* (April 29, 2023), *available at*, https://www.newsandsentinel.com/news/business/2023/04/red-ink-financial-issues-follow-justice-into-u-s-senate-race/; WBOY, *Properties Owned by Jim Justice to be Sold in Tax Auction* (June 14, 2023), *available at*, https://www.wboy.com/news/west-virginia/properties-owned-by-jim-justice-to-be-sold-in-tax-auction/.

[3] Governor Justice announced his reelection bid in January 2019.  *See* Charleston-Gazette Mail, *Gov.   Jim   Justice   Announces   Re-Election   Bid* (Jan   7,   2019),   *available*   at https://www.wvgazettemail.com/news/politics/gov-jim-justice-announces-re-election-bid/article_4b57a994-974e-5935-adc2-3c9ee3a66142.html.  Discovery was ongoing at that time. (*See* D.I. 46 and Text Order dated April 2, 2019).

June 16, 2023
Page - 3 -

ever raised concerns regarding the Confidentiality Order, and it is clear that he is only doing so now in order to further stall discovery in aid of execution.

Indeed, the Confidentiality Order provides Governor Justice with ample protection, as it permits the responding party to produce materials under two separate confidentiality designations, the second of which (*i.e.,* "RESTRICTED CONFIDENTIAL") provides particularly stringent restrictions. (*See* D.I. 26, ¶ 6).[4]  Yet it also strikes an appropriate balance between a producing party's confidentiality concerns, and the receiving party's ability to review and utilize documents produced thereunder in litigation.  Governor Justice's proposed "additional protective measures" most certainly do not strike such a balance.  By way of example, if adopted, these measures would effectively prevent documents produced thereunder from being used during a deposition, as there could only be one copy of the document, the court reporter would be prohibited from transcribing anything about its contents, and counsel would be prohibited from even possessing "handwritten" notes regarding the document's content.  Governor Justice has failed to provide any justification under the law or the facts of this case for the use of these belatedly proposed and extraordinary restrictions on discovery.

In short, Governor Justice's current situation is entirely of his own making.  If Governor Justice would comply with his legal obligation to pay Xcoal the total amount due, then he would not be subject discovery in aid of execution.  However, until he honors his payment obligation to Xcoal, Governor Justice, like any other judgment debtor, must comply with his discovery obligations in these execution proceedings.  Governor Justice's privacy concerns are fully addressed by the Confidentiality Order to which he previously agreed, and such purported concerns provide no basis to further delay discovery.

For the reasons stated previously (D.I. 223) and herein, Xcoal requests that the Court deny the relief requested by Governor Justice in his letter submission of June 14, 2023 (D.I. 224).  Additionally, Xcoal reiterates its request that the Court issue an Order compelling Governor Justice to issue full written responses to the Discovery Requests and to produce all documents responsive thereto within ten (10) days of the date of such Order.

Sincerely yours,

*/s/ Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)

GGG/
cc:      All Counsel of Record via ECF

---

[4] *See Hamilton Sundstrand Corp. v. Aircraft Propeller Serv.*, No. 19-6472, 2020 WL 8838031, at *2 (S.D.N.Y. Jun. 22, 2020) ("[B]ecause parties have a protective order in place that limits who can view documents marked either 'Confidential' or 'Highly Confidential,' Plaintiffs' objection that Defendants seek 'proprietary or trade secret information' is moot.").