

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**John A. Sensing**
**Partner**
Attorney at Law
jsensing@potteranderson.com
302 984-6093 Direct Phone
302 658-1192  Fax

June 16, 2023

**VIA CM/ECF**

The Honorable Leonard P. Stark
Circuit Judge, U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC  20439

      Re:    *Xcoal Energy & Res. v. Bluestone Energy Sales Corp., et al.*,
            C.A. No. 18-cv-819-LPS (D. Del.)

Dear Judge Stark:

      On June 14, 2023, Xcoal filed a letter motion (D.I. 223) to compel Governor James C. Justice, II to issue full responses to discovery requests seeking wide-ranging and sensitive personal financial documents and information.  As explained in the letter (D.I. 224) that Governor Justice filed the same day, however, the documents and information that Xcoal seeks are both highly confidential and highly coveted by the media and Governor Justice's political adversaries.  As a candidate in an electoral race that could determine control of the United States Senate during an era of bitterly divided partisan politics, Governor Justice has both: (a) a realistic concern that any personal financial information he provides to Xcoal in discovery may be leaked, hacked, or otherwise made public; and (b) a compelling basis to seek heightened protections for his personal financial information.  Governor Justice therefore requested (and requests) that the Court either defer discovery of his personal financial information until discovery from the other defendants has been completed (which may eliminate the need for discovery from Governor Justice), or apply certain additional protective measures to his discovery responses to reduce the risk that his private financial information may be made public.

      Although Xcoal argues that Governor Justice's confidentiality concerns are misplaced in light of the parties' Stipulation of Confidentiality and Protective Order (D.I. 26), that protective order was entered nearly five years ago and was not designed to protect the personal financial information of a candidate for the United States Senate in the months preceding an extremely politically charged election.  As discussed in Governor Justice's June 14, 2023, letter, the current protective order would impose no restrictions on the manner or frequency of the transmission of Governor Justice's information, would impose no limits on the number and types of copies of Governor Justice's information that may be made, and would permit Governor Justice's information to be shared with a large number of recipients.  Unlimited transmissions mean more opportunities for transmissions to be intercepted, or for unauthorized recipients to be inadvertently

included on emails. Unlimited copies mean more copies that may be misplaced or left in locations where others might access, take, or photograph them. Electronic copies mean that copies will be stored on computers that may be hacked or otherwise accessed by persons not authorized to view Governor Justice's personal information. And a large number of recipients means more servers, hard drives, and email accounts that could be accessed by hackers or unauthorized users. For these reasons, if the Court orders Governor Justice to produce the sensitive financial information that Xcoal seeks, Governor Justice respectfully submits that there is good cause for the Court to modify the nearly 5-year-old protective order by adding the more stringent protective measures set forth in Governor Justice's June 14, 2023, letter, or to otherwise order those protective measures for the information.[1]

Xcoal also argues that Governor Justice has waived any objections by failing to timely assert them. But as Xcoal acknowledges, there is a split of authority as to whether the failure to serve timely objections constitutes waiver under Rule 34. *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 239 (D.N.J. 2022). While some courts have chosen to read automatic waiver language into Rule 34, others—including the District of New Jersey in *Allen*—have refused to do so. *Id.* at 239-240. As one such court reasoned, the omission of an automatic-waiver provision from Rule 34 "is no accident," and "[i]t seems draconian to require a party with a valid but untimely objection [to a document request] to ... produce documents that the other party would otherwise not be entitled to." *See id.* at 239 (*quoting PEG Bandwidth PA, LLC v. Salsgiver, Inc.*, 2017 WL 2992219, at *3 (W.D. Pa. July 13, 2017)). And although Xcoal cites *SWIMC, Inc. v. Hy-Tech Thermal Sols., LLC*, 2009 WL 1795177, at *3 (D. Del. June 24, 2009) for the assertion that at least one court in the District of Delaware has found objections to document requests must be stated withing 30 days to avoid waiver, *SWIMC* cites nothing for this proposition and contains no supporting analysis. By contrast, other courts in the District of Delaware have recognized that Rule 34 does not provide for waiver of objections and that failure to object within 30 days does not result in automatic, mandatory waiver. *See Barkes v. First Corr. Med.*, 2010 WL 1962797, at *3 (D. Del. May 17, 2010); *Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 330 (D. Del. 2007).

Here, Governor Justice has valid confidentiality concerns, and it would be draconian to require him to produce the requested documents without the additional protective measures he seeks. Accordingly, Governor Justice respectfully requests that the Court reject Xcoal's waiver

---

[1] Notably, although the current protective order contains two levels of confidentiality designation—"CONFIDENTIAL" and "RESTRICTED CONFIDENTIAL"—the latter, more stringent level is narrowly defined such that it likely would not apply to Governor Justice's personal financial information. But even if the "RESTRICTED CONFIDENTIAL" designation could apply to Governor Justice's personal financial information, that designation would still allow too many recipients, too many transmissions, and too many copies, and therefore would not provide adequate protection.

The Honorable Leonard P. Stark
June 16, 2023
Page 3

arguments and either defer discovery regarding his personal financial information or order the additional protective measures listed in his June 14, 2023, letter.[2]

As for the interrogatory answers, Governor Justice recognizes that Rule 33 provides for waiver of objections not served within 30 days "unless the court, for good cause, excuses the failure." Governor Justice respectfully submits that the potential consequences of his personal financial information being made public in the lead-up to the election constitutes good cause for excusing his failure to issue timely objections. Further, Governor Justice is not asking the Court to forever excuse him from answering the interrogatories. Rather, he is only asking the Court to defer the interrogatories or to impose additional safeguards to protect the information he provides in his answers. These measures—the latter especially—will not prejudice Xcoal but will help ensure that Governor Justice's personal financial information remains safe from prying eyes.

We thank the Court for its consideration of these requests, and look forward to discussing these issues on June 21, 2023, at 2:15 p.m.

Respectfully,

/s/ John A. Sensing

John A. Sensing (DE Bar No. 5232)

JAS:nmt/10876765

cc: All Counsel of Record (via CM/ECF)

---

[2] To be clear, if the Court were to defer discovery regarding Governor Justice's personal financial information until a later date, Governor Justice would still want the additional protective measures in place before serving his eventual answers and responses to Xcoal's discovery requests.